UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIMIA LIGHT, et al.,<br><br>Defendants. | Case No. 23-cv-00948-HSG<br>*SEALED*<br>**ORDER RE EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Before the Court is Plaintiff's motion for a temporary restraining order ("TRO"), filed at 3:36 p.m. on Friday, March 3, 2023. *See* Dkt. No. 2. Plaintiff has not provided Defendants with notice and has not identified any effort to do so. Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

The Court finds it inappropriate to grant the sweeping TRO requested —which includes a request to freeze all of Defendants' financial accounts—without notice. The Court finds that Plaintiff has not met the strict requirement of Rule 65(b)(1) of showing immediate and irreparable harm that *will* result before the adverse party can be heard. The Ninth Circuit case cited by Plaintiff reversed the district court's grant of an *ex parte* TRO, explaining that even in cases alleging infringement, "the applicant must do more than assert that the adverse party would dispose of evidence if given notice," and instead "must show that defendants would have disregarded a direct order and disposed of the goods within the time it would take for a hearing

and must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006) (citations and internal quotation marks omitted).  While Plaintiff asserts that Defendants will have the opportunity to dissipate accounts or destroy evidence because they are foreign companies, the Court finds that it has not established that such harm necessarily will occur before Defendants can be heard in opposition to the substantial TRO requested, so as to overcome the normal notice requirement.[1]

Plaintiff is **DIRECTED** to serve the complaint, the motion for TRO and proposed order, and this order on Defendants no later than 5:00 p.m. Pacific Time today, March 6, 2023.  Plaintiff must serve these documents by electronic mail to at least the email addresses listed at pages 15 and 16 of the proposed order (Dkt. No. 2-1), and must file a declaration and any supporting proof confirming that this was done, including the email address(es) to which the documents were sent, by Tuesday, March 7, 2023.

Should Defendants oppose the relief sought by Plaintiff, Defendants must file a response no later than 3:00 p.m. Pacific Time on Thursday, March 9, 2023.  The motion will stand submitted at that time unless otherwise ordered.

**IT IS SO ORDERED.**

Dated:     3/6/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The TRO motion relies on "McCue Decl. ¶ 25" for the premise that a TRO without notice is necessary.  Dkt. No. 2 at 12.  The Court has not located a McCue declaration matching this description: the only declaration it has found by Mr. McCue is eight paragraphs long and was submitted in support of the motion to seal.  Dkt. No. 3-1.  Regardless, these generalized assertions do not meet the high standard for issuing the requested TRO without notice.