UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>ALIMIA LIGHT, et al.,<br><br>                    Defendants. | Case No. 23-cv-00948-HSG<br><br>**ORDER GRANTING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 16 |

Before the Court is Plaintiffs' renewed motion for a temporary restraining order. Dkt. No. 16. Plaintiffs emailed Defendants notice of the motion, but Defendants failed to respond by the Court's deadline. *See* Dkt. Nos. 16-2, 17. The Court now **GRANTS** the motion and **ORDERS** Defendants to show cause why a preliminary injunction should not be issued.

**I.    INTRODUCTION**

Plaintiffs are RH US, LLC and its parent company Restoration Hardware, Inc., a home furnishings retailer. *See* Dkt. No. 1 ¶¶ 1, 4–5. Plaintiffs allege that Defendants, online lighting retailers, are selling knockoffs of Plaintiffs' lighting fixtures. *Id.* ¶ 2. Plaintiffs bring claims for copyright infringement, trademark infringement, and unfair competition under California law. *Id.* ¶ 3. Plaintiffs seek (1) a temporary restraining order enjoining Defendants from infringing Plaintiffs' works and freezing financial accounts; (2) authorization of alternative service of process via email; (3) expedited discovery; and (4) an order to show cause why the Court should not enter a preliminary injunction against Defendants.

**II.   LEGAL STANDARD**

A temporary restraining order enjoins conduct pending a hearing on a preliminary injunction. Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and

1  issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John
2  D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either is an "extraordinary remedy" that
3  the court should award only upon a clear showing that the party is entitled to such relief. *See
4  Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs seeking preliminary
5  relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to
6  suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in
7  their favor; and (4) that an injunction is in the public interest. *Id.* A court must find that "a certain
8  threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640
9  F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary
10 injunction may issue if there are "serious questions going to the merits" if "a hardship balance
11 [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a
12 likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild
13 Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**III.     DISCUSSION**

   **A.     Likelihood of Success on the Merits**

The Court finds that Plaintiffs are likely to succeed on the merits of their claims.

To prevail on its copyright infringement claims, Plaintiffs must show (1) ownership of the allegedly infringed material, and (2) a violation of at least one exclusive right under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have provided copies of their certificates of registration with the Copyright Office, *see* Dkt. No. 1-2, which is prima facie evidence of the validity of their copyrights. *See* 17 U.S.C. § 410(c). Plaintiffs have also provided a compilation of side-by-side photographs documenting Defendants' extensive use of copyrighted works. *See* Dkt. No. 1-4. Defendants appear to be flagrantly copying and publicly displaying numerous copyrighted works on their websites. *See* 17 U.S.C. §§ 106(1) and (5).

To prevail on a claim for trademark infringement under the Lanham Act, Plaintiffs must show ownership of valid RH marks and that Defendants' use of the marks is "likely to cause confusion, or to cause mistake, or to deceive." *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196

1   (9th Cir. 2009) (citation omitted); *see also* 1525 U.S.C. § 1125(a). The Lanham Act protects both
2   registered and unregistered marks. *Id.* The standard test of ownership is priority of use, and "the
3   party claiming ownership must have been the first to actually use the mark in the sale of goods or
4   services." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008)
5   (citation omitted). To determine whether there is a likelihood of confusion, courts in the Ninth
6   Circuit consider the *Sleekcraft* factors, which are "non-exhaustive and applied flexibly." *JL*
7   *Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016).[1] Plaintiffs
8   have demonstrated that they own the RH marks, which consist of light fixture names, by providing
9   photographs of the marks in use on their website and dates of first use. *See* Dkt. Nos. 1-3, 1-5.
10  Considering the *Sleekcraft* factors, it is evident that Defendants' use of the marks is likely to cause
11  confusion. Plaintiffs' marks are distinctive, and Defendants are using identical marks to sell
12  products that appear to be knockoffs. *See* Dkt. Nos. 1-3, 1-5. Plaintiffs and Defendants are using
13  the same marketing channels (websites) and competing to sell the same types of products.
14       Plaintiff's unfair competition claim is likely to succeed for the same reasons, as the Ninth
15  Circuit has held that "state common law claims of unfair competition and actions pursuant to
16  California Business and Professions Code § 17200 are 'substantially congruent' to claims made
17  under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

18  **B.    Irreparable Harm**

19  The Court finds that Plaintiffs are likely to suffer irreparable harm if the Court does not
20  grant preliminary relief. To start, since the Court has found that Plaintiffs are likely to prevail on
21  the trademark infringement claim, they are entitled to a presumption of irreparable harm under the
22  Trademark Modernization Act of 2020. *Vineyard House, LLC v. Constellation Brands U.S.*
23  *Operations, Inc.*, 515 F. Supp. 3d 1061, 1081 n.16 (N.D. Cal. 2021). Further, Plaintiffs allege that
24  they have poured substantial resources into developing their brand and products since 1980. *See*

---

[1] The factors are: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *JL Beverage Co., LLC*, 828 F.3d at 1106.

1  Compl. ¶¶ 57–58.  Given the risk that consumers will believe they are purchasing authentic RH
2  lighting products, the loss of control over business reputation and potential damage to goodwill
3  constitutes an irreparable injury.  *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.* No. 5:20-CV-
4  04773-EJD, 2020 WL 5199434, at *8 (N.D. Cal. Aug. 17, 2020) (noting intangible injuries such
5  as loss of goodwill through sale of counterfeited products can constitute irreparable harm).

### C. Balance of Equities

The Court finds the balance of the equities tip in Plaintiffs' favor.  In infringement cases, "[w]here the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'"  *Triad Sys. Corp. v. Se. Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995).  Any hardship on Defendants from the imposition of a temporary restraining order would be the result of their own infringement.  And as long as Defendants continue to sell allegedly counterfeit products by infringing, Plaintiffs remain at risk of damage to their reputation and goodwill.

### D. Public Interest

The Court finds that it is in the public interest to issue a temporary restraining order. Public policy strongly supports shutting down infringers to protect consumers where there is a likelihood of confusion.  *See, e.g.*, *Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement.").

\* \* \*

In sum, the Court finds that Plaintiffs have met all four requirements for preliminary relief, and the Court will issue a temporary restraining order pending a hearing on a preliminary injunction.

### IV. BOND

Under Rule 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  District courts have considerable discretion in setting the amount of the bond, "and the

1  bond amount may be zero if there is no evidence the party will suffer damages from the
2  injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882
3  (9th Cir. 2003) (internal citations omitted).  "In particular, the district court may dispense with the
4  filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from
5  enjoining his or her conduct." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)
6  (quotations omitted).  Plaintiffs propose a bond of "no more than $10,000." Dkt. No. 16 at 25.
7  Defendants have been notified via email of this motion and have not responded.  The Court thus
8  orders a bond in the amount of $10,000, notwithstanding the absence of any actual evidence in the
9  record to date as to what damages might result if any Defendant has been wrongfully enjoined.

## V.     ADDITIONAL RELIEF

The Court also finds that Plaintiffs' requests for alternative service and expedited discovery are warranted.

For service on defendants in foreign countries, courts are permitted to authorize service of process "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Here, service by email on Defendants in China is not barred by an international agreement, and given that Defendants operate online and rely on email communication for their business, service by email is reasonably calculated to give them notice.  *See, e.g.*, *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-11 LHK, 2017 WL 4536417, at *4–5 (N.D. Cal. Oct. 11, 2017) (discussing email service for defendants in China).

As to expedited discovery, Plaintiffs seek information from third parties that may hold funds associated with infringing sales.  Courts have discretion to expedite discovery for good cause, particularly in cases where plaintiffs seek temporary or preliminary injunctive relief.  *See* Fed. R. Civ. P. 26(d).  Courts have found good cause in cases involving claims of infringement and other unfair competition.  *See, e.g.*, *Cisco Sys.*, 2020 WL 4196273, at *12 (collecting cases). Here, expedited discovery will allow Plaintiffs to identify Defendants' assets and accounts related to infringing sales, so that any injunction can be modified appropriately.

## VI. CONCLUSION

The Court hereby **GRANTS** Plaintiffs' application for a temporary restraining order and orders as follows:

1. The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:

   (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in Dkt. No. 1-4.

   (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in Dkt. No. 1-5.

   The injunction will take effect once Defendants are served this Order and the bond is posted.

2. Upon receipt of this Order, PayPal, Inc. shall freeze or take other action necessary to prevent any transfer or withdrawal of funds or assets from the account, until further order of the Court, and provide notice to Plaintiffs' counsel of compliance with this Order and an accounting of the balance, assets, or money held in the account and the names of the account holders and contact persons. This freeze applies to the PayPal account used by Defendants as follows:

   | Defendant | Account |
   |---|---|
   | Hurley Light | Dysatu Lighting Co., Ltd.<br>info@cydesigngroup.com |
   | Dyco Décor | Dyatsu Lighting Co., Ltd.<br>infor@cydesigngroup.com |
   | Decormote | Decormote<br>support@decormote.com |
   | Dekorfine | Janedecor Inc.<br>support@dekorfine.com |
   | Zenduce | Nimo LLC<br>support@zenduce.com |

   Plaintiffs may seek to expand the scope of the freeze to additional financial accounts by producing further evidence that warrants such expansion.

3. Within seven business days after receipt of this Order, any third party payment provider, including PayPal, Visa, MasterCard, American Express, and JCB, that has information or documents about Defendants shall produce to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession, custody, or control relating or referring to: (1) the names, addresses, and other contact information, including any and all associated email addresses, of any Defendants; (2) any financial accounts owned or controlled by any Defendants and an accounting of the balance held in the account; (3) the existence and location of any money, assets, balance, receivable, or other money payable, owned, held, or due to Defendants.

4. Plaintiffs are authorized to serve the summons and Complaint, motion for temporary restraining order, this Order, and other pleadings or documents filed in this case, on Defendants by email to the addresses below.  Plaintiffs shall serve Defendants by May 25, 2023 and file confirmatory proof of service by May 26, 2023.

| Defendant | Service Email |
| --- | --- |
| Alimia Light | service@alimialight.com |
| Zhongshan Zhuosai Lighting Co., Ltd. | support@yami-lighting.com |
|  | support@poplamps.com |
| Grand Lamps | support@grandlamps.com |
| Wing Lighting | support@winglightings.com |
| Oasis Lamps | support@oasislamps.com |
| Momo Chandelier | monet@momochandelier.com |
| Fanci Lighting | support@fancilight.com |
| Cure Lighting | support@curelighting.com |
| Clouds Lights | support@cloudslights.com |
| Kushigo Limited | support@ericlightus.com |
|  | support@emmalighting.com |

7

| | |
|---|---|
| Lighting Forever | info@lighting-forever.com |
| Hurley Light | info@cydesigngroup.com |
| | info@hurleylight.com |
| Reborn Lighting | sales@rebornlighting.com |
| Showsun Lighting | sales@showsunlighting.com |
| Sigma Living | info@jhsigma.com |
| Dyco Décor | info@cydesigngroup.com |
| | admin@dycodecor.com |
| Decormote | support@decormote.com |
| Ineffable Lighting | support@ineffablelighting.com |
| Dekorfine | support@dekorfine.com |
| Zenduce | support@zenduce.com |
| Satulight | info@satulight.com |
| Mooni Lighting | sales@moonlighting.com |
| Kevin Studio | support@kevinstudioinc.com |

5. The Court **ORDERS** Defendant to show cause why a preliminary injunction with the same terms should not be issued. Defendants must file their response on or before June 16, 2023; Plaintiff may file a reply on or before June 30, 2023; and a hearing shall be held on Friday, July 7, 2023, at 2:30 p.m. in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA to allow Plaintiffs to conduct the expedited discovery authorized by this order.

**IT IS SO ORDERED.**

Dated:  5/24/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge