UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALIMIA LIGHT, et al., <br><br> Defendants. | Case No. 4:23-cv-00948-HSG <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: ECF No. 16 |

Before the Court is Plaintiffs' motion for preliminary injunction. ECF No. 16. On May 5, 2023, the Court entered a temporary restraining order ("TRO") against Defendants and set a show cause hearing for why a preliminary injunction should not be entered. ECF No. 23. Plaintiffs emailed Defendants notice of the TRO, which required Defendants to respond to the motion for preliminary injunction by June 16, 2023. *See* ECF No. 26. The Defendants did not file a response. The Court now **GRANTS** the motion for preliminary injunction.

**I.  INTRODUCTION**

Plaintiffs are RH US, LLC and its parent company Restoration Hardware, Inc. *See* ECF No. 1 ¶¶ 1, 4–5. Plaintiffs allege that Defendants are selling knockoffs of Plaintiffs' lighting fixtures. *Id.* ¶ 2. Plaintiffs bring claims for copyright infringement, trademark infringement, and unfair competition under California law. *Id.* ¶ 3. Plaintiffs seek a preliminary injunction order enjoining Defendants from infringing Plaintiffs' works and freezing financial accounts.

**II.  LEGAL STANDARD**

Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Id.* A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that

1

the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

The Court finds that Plaintiffs are likely to succeed on the merits of their claims.

To prevail on their copyright infringement claims, Plaintiffs must show (1) ownership of the allegedly infringed material, and (2) a violation of at least one exclusive right under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have provided copies of their certificates of registration with the Copyright Office, *see* ECF No. 1-2, which is *prima facie* evidence of the validity of their copyrights. *See* 17 U.S.C. § 410(c). Plaintiffs also have provided a compilation of side-by-side photographs documenting Defendants' extensive use of copyrighted works. *See* ECF No. 1-4. Defendants appear to be flagrantly copying and publicly displaying numerous copyrighted works on their websites. *See* 17 U.S.C. §§ 106(1) and (5).

To prevail on a claim for trademark infringement under the Lanham Act, Plaintiffs must show ownership of valid RH marks and that Defendants' use of the marks is "likely to cause confusion, or to cause mistake, or to deceive." *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (citation omitted); *see also* 1525 U.S.C. § 1125(a). The Lanham Act protects both registered and unregistered marks. *Id.* The standard test of ownership is priority of use, and "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008) (citation omitted). To determine whether there is a likelihood of confusion, courts in the Ninth Circuit consider the *Sleekcraft* factors, which are "non-exhaustive and applied flexibly." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016).[1]

---

[1] The factors are: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *JL Beverage Co., LLC*, 828 F.3d at 1106.

121590159.1

1   Plaintiffs have demonstrated that they own the RH marks (defined as the AQUITAINE, ARCACHON, BOULE DE CRISTAL, CAMINO, CANNELE, CASCADA, ECLATANT, FULCRUM, HARLOW, MACHINIST, MARIGNAN, PAUILLAC, PEARL, RAIN, RAVELLE, RHYS, SAN MARCO, SAVILE, SPIRIDON, UTILITAIRE, WRIGHT, and RESTORATION HARDWARE marks, ECF No. 1, ¶ 60), which consist of light fixture names, by providing photographs of the marks in use on their website and dates of first use. *See* ECF Nos. 1-3, 1-5. Considering the *Sleekcraft* factors, it is evident that Defendants' use of the marks is likely to cause confusion. Plaintiffs' marks are distinctive, and Defendants are using identical marks to sell products that appear to be knockoffs. *See* ECF Nos. 1-3, 1-5. Plaintiffs and Defendants are using the same marketing channels (websites) to sell the same types of products.

Plaintiff's unfair competition claim is likely to succeed for the same reasons, as the Ninth Circuit has held that "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

## B.    Irreparable Harm

The Court finds that Plaintiffs are likely to suffer irreparable harm if the Court does not grant preliminary relief. Since the Court has found that Plaintiffs are likely to prevail on the trademark infringement claim, they are entitled to a presumption of irreparable harm under the Trademark Modernization Act of 2020. *Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*, 515 F. Supp. 3d 1061, 1081 n.16 (N.D. Cal. 2021). Further, Plaintiffs allege that they have poured substantial resources into developing their brands and products since 1980. *See* Compl. ¶¶ 57–58. Given the risk that consumers will believe they are purchasing authentic RH lighting products, Plaintiffs' loss of control over business reputation and potential damage to goodwill constitutes an irreparable injury. *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.* No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *8 (N.D. Cal. Aug. 17, 2020) (noting intangible injuries such as loss of goodwill through sale of counterfeited products can constitute irreparable harm).

///

121590159.1

### C.     Balance of Equities

The Court finds the balance of the equities tip in Plaintiffs' favor.  In infringement cases, "[w]here the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'"  *Triad Sys. Corp. v. Se. Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995).  Any hardship on Defendants from the imposition of a preliminary injunction would be the result of their own infringement.  And as long as Defendants continue to sell allegedly counterfeit products by infringing, Plaintiffs remain at risk of damage to their reputation and goodwill.

### D.     Public Interest

The Court finds that it is in the public interest to issue a preliminary injunction. Public policy strongly supports stopping infringement to protect consumers where there is a likelihood of confusion.  *See, e.g.*, *Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement.").

* * *

In sum, the Court finds that Plaintiffs have met all four requirements for preliminary injunctive relief.

## IV.    BOND

Under Rule 65(c), "[t]he court may issue a . . . preliminary injunction only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  District courts have considerable discretion in setting the amount of the bond, "and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (internal citations omitted).  "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quotations omitted).  Here, the Court has ordered a bond of $10,000 to be posted for the TRO,

121590159.1

which has been posted by Plaintiffs. That bond will be deemed sufficient for the preliminary injunction.

## V. DISABLE DOMAIN NAMES

In the TRO entered on May 24, 2023, the Court enjoined Defendants from infringing RH's intellectual property rights:

> The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:
>
> (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in Dkt. No. 1-4.
>
> (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in Dkt. No. 1-5.

ECF No. 23 at 6. On May 25, 2023, Plaintiffs served the TRO on Defendants. ECF No. 26. Plaintiffs presented evidence that some Defendants have not complied with this Order and continue to infringe on Plaintiffs' copyrighted works and trademarks through their websites ("Non-Compliant Defendants"). Based on the foregoing evidence, the Court will additionally order that the domain names associated with the Non-Compliant Defendants' websites be disabled until further order of the Court. *See, e.g., BMW of N. Am., LLC v. Barreira*, 633 F. App'x 882 (9th Cir. 2015) (district court did not abuse its discretion in ordering defendant in trademark infringement action to transfer ownership of domain name to trademark owner, where court had enjoined defendant from using marks, and he violated that injunction by offering products with infringing marks on website); *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *12 (N.D. Cal. Aug. 17, 2020) (ordering "Defendants' Domain Names automatically redirect to a website that provides notice of and access to filings in this action or, alternatively, disable such websites"); *D.light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2014 WL 11397885, at *4 (N.D. Cal. Apr. 4, 2014) (granting order to expand preliminary injunction to include order that "the domain name registries . . . temporarily disable these domain names).

## VI. CONCLUSION

The Court hereby **GRANTS** Plaintiffs' application for a preliminary injunction order and orders as follows:

1. The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:

    (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in ECF No. 1-4.

    (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in ECF No. 1-5.

    The injunction will take effect once Defendants are served this Order because the bond has already been posted.

2. The Court hereby orders the following registrars and the registry Verisign, Inc. for the following domain names to disable the domain names during the pendency of this case or until further order of the Court:

| Domain Name | Registrar |
|---|---|
| Alimialight.com | eName Technology Co., Ltd. |
| Yami-lighting.com | Alibaba Cloud Computing (Beijing) Co., Ltd. |
| Grandlamps.com | eName Technology Co., Ltd. |
| Wing-lightings.com | NameSilo, LLC |
| Oasislamps.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Poplamps.com | GoDaddy.com, LLC |
| Vancei.com | NameSilo, LLC |
| Fancilight.com | NameCheap, Inc. |
| Curelighting.com | NameSilo, LLC |

121590159.1

| Domain Name | Registrar |
|---|---|
| Cloudslights.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Ericlightingus.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Emmalighting.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Rebornlighting.com | FastDomain Inc. |
| Showsunlights.com | Xin Net Technology Corporation |
| cnsigma.en.alibaba.com  sigmafurniture.en.alibaba.com | Alibaba Cloud Computing (Beijing) Co., Ltd. |
| Ineffablelighting.com | NameSilo, LLC |
| Moonilghting.com | Hostinger, UAB |
| Kevinstudioinc.com | NameCheap, Inc. |

3. Upon receipt of this Order, PayPal, Inc. shall freeze or take other action necessary to prevent any transfer or withdrawal of funds or assets from the below accounts, until further order of the Court, and provide notice to Plaintiffs' counsel of compliance with this Order and an accounting of the balance, assets, or money held in the account and the names of the account holders and contact persons. This freeze applies to the PayPal account used by Defendants as follows:

| Defendant | Account |
|---|---|
| Hurley Light | info@cydesigngroup.com |
| Dyco Décor | infor@cydesigngroup.com |
| Dekorfine | support@dekorfine.com |
| Zenduce | support@zenduce.com |
| Jinhua Sigma Industrial & Trading Co., Ltd.  (previously defined as "Sigma Living") | info@jhsigma.com |

| Zhongshan Laiting Lighting Co., Ltd. (previously defined as "Oasis Lamps") Oasis Lamps | support@oasislamps.com |
|---|---|
| Fanci Light | support@fancilight.com |

Plaintiffs may seek to expand the scope of the freeze to additional financial accounts by producing further evidence that warrants such expansion.

**IT IS SO ORDERED.**

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

Dated: _____

121590159.1