UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALIMIA LIGHT, et al., <br><br> Defendants. | Case No. 4:23-cv-00948-HSG <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiffs' motion for preliminary injunction. ECF No. 16. On May 5, 2023, the Court entered a temporary restraining order ("TRO") against Defendants and set a show cause hearing for why a preliminary injunction should not be entered. ECF No. 23. Plaintiffs emailed Defendants notice of the TRO, which required Defendants to respond to the motion for preliminary injunction by June 16, 2023. *See* ECF No. 26. None of the Defendants filed an opposition or other response. The Court now **GRANTS** the motion for preliminary injunction.

**I.    INTRODUCTION**

Plaintiffs are RH US, LLC and its parent company Restoration Hardware, Inc. *See* ECF No. 1 ¶¶ 1, 4–5. Plaintiffs allege that Defendants are selling knockoffs of Plaintiffs' lighting fixtures. *Id.* ¶ 2. Plaintiffs bring claims for copyright infringement, trademark infringement, and unfair competition under California law. *Id.* ¶ 3. Plaintiffs seek a preliminary injunction enjoining Defendants from infringing Plaintiffs' works and marks, and freezing financial accounts.

**II.    LEGAL STANDARD**

Plaintiffs seeking preliminary relief must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the

121741235.1

merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The goal of a preliminary injunction is to maintain the status quo, which is "the last uncontested status which preceded the pending controversy." *GoTo,com, Inc. v. Walt Disney Corp*, 202 F.3d 1199 (9th Cir. 2000) (citations omitted) (the status quo was prior to Disney's adoption of the allegedly infringing mark).

## III.  DISCUSSION

### A.  Likelihood of Success on the Merits

The Court finds that Plaintiffs are likely to succeed on the merits of their claims.

To prevail on their copyright infringement claims, Plaintiffs must show (1) ownership of the allegedly infringed material, and (2) a violation of at least one exclusive right under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have provided copies of their certificates of registration from the Copyright Office (ECF No. 1-2), which is *prima facie* evidence of the validity of their copyrights in their photographs. *See* 17 U.S.C. § 410(c). Plaintiffs also have provided a table showing RH photographs side-by-side with Defendants' infringing photographs. *See* ECF No. 1-4. Defendants appear to be flagrantly copying and publicly displaying numerous RH copyrighted works on their websites. *See* 17 U.S.C. §§ 106(1) and (5).

To prevail on a claim for trademark infringement under the Lanham Act, Plaintiffs must show ownership of valid RH marks and that Defendants' use of the marks is "likely to cause confusion, or to cause mistake, or to deceive." *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (citation omitted); *see also* 1525 U.S.C. § 1125(a). The Lanham Act protects both registered and unregistered marks. *Id.* The standard test of ownership is priority of use, and "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008) (citation omitted). To determine whether there is a likelihood of confusion, courts in the Ninth Circuit consider the *Sleekcraft* factors, which are "non-exhaustive and applied

flexibly." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016).[1] Plaintiffs have demonstrated that they own the RH marks (defined as the AQUITAINE, ARCACHON, BOULE DE CRISTAL, CAMINO, CANNELE, CASCADA, ECLATANT, FULCRUM, HARLOW, MACHINIST, MARIGNAN, PAUILLAC, PEARL, RAIN, RAVELLE, RHYS, SAN MARCO, SAVILE, SPIRIDON, UTILITAIRE, WRIGHT, and RESTORATION HARDWARE marks) (ECF No. 1, ¶ 60), by providing photographs of the marks in use on their website and dates of first use. *See* ECF Nos. 1-3, 1-5. Considering the *Sleekcraft* factors, it is evident that Defendants' use of the RH marks is likely to cause confusion. Plaintiffs' marks are distinctive, and Defendants are using identical marks to sell products that appear to be knockoffs. *See* ECF Nos. 1-3, 1-5. Plaintiffs and Defendants are using the same marketing channels (websites) to sell the same types of products.

Plaintiff's unfair competition claim is likely to succeed for the same reasons, as the Ninth Circuit has held that "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

### B.    Irreparable Harm

The Court finds that Plaintiffs are likely to suffer irreparable harm if the Court does not grant preliminary relief. Since the Court has found that Plaintiffs are likely to prevail on the trademark infringement claim, they are entitled to a presumption of irreparable harm under the Trademark Modernization Act of 2020. *Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*, 515 F. Supp. 3d 1061, 1081 n.16 (N.D. Cal. 2021). Further, Plaintiffs allege that they have poured substantial resources into developing their brands and products since 1980. *See* Compl. ¶¶ 57–58. Given the risk that consumers will believe they are purchasing authentic RH lighting products, Plaintiffs' loss of control over business reputation and potential damage to goodwill constitutes an irreparable injury. *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.* No.

---

[1] The factors are: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *JL Beverage Co., LLC*, 828 F.3d at 1106.

121741235.1

5:20-CV-04773-EJD, 2020 WL 5199434, at *8 (N.D. Cal. Aug. 17, 2020) (noting intangible injuries such as loss of goodwill through sale of counterfeited products can constitute irreparable harm).

### C. Balance of Equities

The Court finds the balance of the equities tip in Plaintiffs' favor. In infringement cases, "[w]here the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'" *Triad Sys. Corp. v. Se. Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995). Any hardship on Defendants from the imposition of a preliminary injunction would be the result of their own infringement. As long as Defendants continue to sell products by infringing Plaintiffs' intellectual property, Plaintiffs remain at risk of damage to their reputation and goodwill.

### D. Public Interest

The Court finds that it is in the public interest to issue a preliminary injunction. Public policy strongly supports stopping infringement to protect consumers where there is a likelihood of confusion. *See, e.g.*, *Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement.").

\* \* \*

In sum, the Court finds that Plaintiffs have met all four requirements for preliminary injunctive relief.

### IV. SERVICE

Plaintiffs served Defendants via email, as authorized by the Court. (ECF No. 26.) For defendants located in foreign countries, courts are permitted to authorize service of process "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The only requirements under Rule 4(f)(3) are that service be directed by the court and not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Service by email on defendants in China is not barred by any international convention.

*See Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017). Additionally, courts in this district have authorized email service and found that it is reasonably calculated to provide notice to foreign defendants, including defendants based in China. *See Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at **2-3 (N.D. Cal. Feb. 17, 2009); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at **1-2 (N.D. Cal. Mar. 27, 2012) (authorizing email service, including in Hong Kong, where defendants operated online and relied on email communications for their businesses); *Cisco Sys.*, 2020 WL 4196273, at **13-14 (authorizing service by email on Chinese companies).

Here, the Defendants provided email addresses on their website for communication and sales. ECF No. 16; *Facebook*, 2012 WL 1038752, at **1-2 (authorizing email service, including in Hong Kong, where defendants operated online and relied on email communications for their businesses). Allowing Plaintiffs to serve Defendants by the Defendants' own preferred method of communication in this case is the most efficient, effective, and fastest way to provide actual notice of this lawsuit, while avoiding irreparable injury and uncertainty. *See Rio Properties*, 284 F.3d at 1018 ("If any method of communication is reasonably calculated to provide RII with notice, surely it is email—the method of communication which RII utilizes and prefers").

**V.    BOND**

Under Rule 65(c), "[t]he court may issue a . . . preliminary injunction only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). District courts have considerable discretion in setting the amount of the bond, "and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (internal citations omitted). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quotations omitted). Here, the Court has ordered a bond of $10,000 to be posted for the TRO,

121741235.1

which has been posted by Plaintiffs. That bond will be deemed sufficient for the preliminary injunction.

## VI. DISABLE DOMAIN NAMES

In the TRO entered on May 24, 2023, the Court enjoined Defendants from infringing RH's intellectual property rights:

> The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:
>
> (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in Dkt. No. 1-4.
>
> (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in Dkt. No. 1-5.

ECF No. 23 at 6. Plaintiffs presented evidence that eighteen (18) of the twenty five (25) Defendants have not complied with the TRO and continue to infringe on Plaintiffs' copyrighted works and trademarks through their websites ("Non-Compliant Defendants").[2] Specifically, Plaintiffs provided charts demonstrating that the Non-Compliant Defendants did not remove all of the website links identified in the TRO that displayed the infringing copyrighted works and trademarks. ECF Nos. 30-2 & 30-3.

Plaintiffs have asked the Court to order the domain names for the Non-Compliant Defendants to be disabled pending trial on the merits. Disabling the domain names would shut down the websites on which the Non-Compliant Defendants are using the RH copyrighted photographs and RH Marks.

---

[2] Non-Compliant Defendants are: Alimia Light as the operator of the website at <alimialight.com> ("Alimia Light"); Zhongshan Zhuosai Lighting, Co., Ltd. doing business as "Yami Lighting" and "Pop Lamps" (collectively, "Zhuosai Lighting"); Shanghai ZeroTai Industrial Co. doing business as "Grand Lamps" ("Grand Lamps"); Zhonshan Yuyi Co., Ltd. doing business as Wing Lighting ("Wing Lighting"); Zhongshan Laiting Lighting Co., Ltd. doing business as Oasis Lamps ("Oasis Lamps"); Fanci Light as the operator of the website at <fancilight.com> ("Fanci Light"); Cure Lighting, LLC ("Cure Lighting"); Clouds Lights ("Clouds Lights"); Kushigo Limited doing business as "Eric Light" and "Emma Lighting" (collectively, "Kushigo Limited"); Lighting Forever as the operator of the website <lighting-forever.com> ("Lighting Forever"); Zhongshan Reborn Lighting Co., Ltd. ("Reborn"); Showsun Lighting and Sunny Wang doing business as "Showsun Lighting" (collectively, "Showsun Lighting"); Jinhua Sigma Industrial & Trading Co., Ltd. ("Sigma Living"); Ineffable Lighting as the operator for the website <ineffablelighting.com> ("Ineffable Lighting"); Oclolli Limited doing business as "Mooni Lighting" ("Oclolli"); and Kevin Studio, the operator of the website <kevinstudioinc.com> ("Kevin Studio").

121741235.1

1   However, the Non-Compliant Defendants failed to comply with the TRO requiring them to cease using the RH copyrighted photographs and RH Marks. Under the Lanham Act, 15 U.S.C. § 1116, the Copyright Act, 17 U.S.C. § 502, and the Court's inherent authority, the Court may order parties to take action to cease infringing. Specifically, the Court has the authority to order that domain names be disabled, which necessarily requires cooperation from domain name registrars and registries. *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *12 (N.D. Cal. Aug. 17, 2020) (ordering "Defendants' Domain Names automatically redirect to a website that provides notice of and access to filings in this action or, alternatively, disable such websites"); *D.light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988-EMC, 2014 WL 11397885, at *4 (N.D. Cal. Apr. 4, 2014) (granting order to expand preliminary injunction to include order that "the domain name registries . . . temporarily disable these domain names).

Based on the foregoing points, the Court will additionally order that the domain names associated with the Non-Compliant Defendants' websites be disabled until further order of the Court.

### VII.   CONCLUSION

The Court hereby **GRANTS** Plaintiffs' application for a preliminary injunction order and orders as follows:

1. ORDERED, that pending resolution of this lawsuit or further order of the Court, Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:

   (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in ECF No. 1-4.

   (b) using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in ECF No. 1-5.

The injunction will take effect once Defendants are served this Order because the bond has already been posted; it is further

2. ORDERED that within three (3) days of receipt of this Order, the following registrars and the registry Verisign, Inc. for the following domain names to

121741235.1

1   temporarily disable these domain names, through a registry hold or otherwise, and
2   make them inactive and non-transferable pending further order of the Court:

| Domain Name | Registrar |
| --- | --- |
| Alimialight.com | eName Technology Co., Ltd. |
| Yami-lighting.com | Alibaba Cloud Computing (Beijing) Co., Ltd. |
| Grandlamps.com | eName Technology Co., Ltd. |
| Wing-lightings.com | NameSilo, LLC |
| Oasislamps.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Poplamps.com | GoDaddy.com, LLC |
| Vancei.com | NameSilo, LLC |
| Fancilight.com | NameCheap, Inc. |
| Curelighting.com | NameSilo, LLC |
| Cloudslights.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Ericlightingus.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Emmalighting.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Rebornlighting.com | FastDomain Inc. |
| Showsunlights.com | Xin Net Technology Corporation |
| cnsigma.en.alibaba.com  sigmafurniture.en.alibaba.com | Alibaba Cloud Computing (Beijing) Co., Ltd. |
| Ineffablelighting.com | NameSilo, LLC |
| Moonilghting.com | Hostinger, UAB |
| Kevinstudioinc.com | NameCheap, Inc. |

It is further

3.  ORDERED that upon receipt of this Order, PayPal, Inc. shall freeze or take other

8

121741235.1

action necessary to prevent any transfer or withdrawal of funds or assets from the below accounts, until further order of the Court, and provide notice to Plaintiffs' counsel of compliance with this Order and an accounting of the balance, assets, or money held in the account and the names of the account holders and contact persons. This freeze applies to the PayPal account used by Defendants as follows:

| Defendant | Account |
|---|---|
| Hurley Light | info@cydesigngroup.com |
| Dyco Décor | infor@cydesigngroup.com |
| Dekorfine | support@dekorfine.com |
| Zenduce | support@zenduce.com |
| Jinhua Sigma Industrial & Trading Co., Ltd. (previously defined as "Sigma Living") | info@jhsigma.com |
| Zhongshan Laiting Lighting Co., Ltd. (previously defined as "Oasis Lamps") Oasis Lamps | support@oasislamps.com |
| Fanci Light | support@fancilight.com |

Plaintiffs may seek to expand the scope of the freeze to additional financial accounts by producing further evidence that warrants such expansion; and it is further

4. ORDERED that, upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the disabling of the Non-Compliant Defendants' domain names and restriction upon transfer of Defendants' assets; and it is further

5. ORDERED that, where a third party is herein ordered to take any action, the third party may, upon giving notice to Plaintiffs' counsel, seek relief from the Order applicable to said third party in whole or in part by filing an appropriate motion with

this Court (and, upon application, any such motion may be heard on shortened time if so ordered); and it is finally

6. ORDERED that Plaintiffs shall serve this Order on each Defendant via email in accordance with ECF No. 23 (TRO), and that upon such notice shall immediately file a proof of service certifying service and describing the means of service. Defendants are thereby given notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

**IT IS SO ORDERED.**

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

Dated: _____

121741235.1