| | |
|---|---|
| 1 | Michael J. McCue (SBN: 296425) |
| 2 | Meng Zhong (SBN: 344124)<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| 3 | 203 Redwood Shores Parkway, Suite 670<br>Redwood City, CA 94065 |
| 4 | Tel.: 650.391.1380<br>MMcCue@LewisRoca.com |
| 5 | MZhong@LewisRoca.com |
| 6 | *Attorneys for Plaintiffs Restoration Hardware, Inc.<br>and RH US, LLC* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation; and RH US, LLC, a Delaware limited liability company,<br><br>     Plaintiffs,<br>v.<br><br>ALIMIA LIGHT, a Chinese entity; ZHONGSHAN ZHUOSAI LIGHTING, CO., LTD., a Chinese entity; SHANGHAI ZEROTAI INDUSTRIAL CO., a Chinese entity; ZHONSHAN YUYI CO., LTD., a Chinese entity; ZHONGSHAN LAITING LIGHTING CO., LTD., a Chinese entity; ZHONGSHAN MOMO LIGHTING CO., LTD., a Chinese entity; FANCI LIGHT, a Chinese entity; CURE LIGHTING, LLC, a Chinese entity; CLOUDS LIGHTS, a Chinese entity; KUSHIGO LIMITED, a Chinese entity; LIGHTING FOREVER, a Chinese entity; HURLEY LIGHT, a Chinese entity; ZHONGSHAN REBORN LIGHTING CO. LTD., a Chinese entity; SHOWSUN LIGHTING, a Chinese entity; SUNNY WANG, an individual residing in China; JINHUA SIGMA INDUSTRIAL & TRADING CO., LTD., a Chinese entity; DYCO DÉCOR, a Chinese entity; INEFFABLE LIGHTING, a Chinese entity; DEKORFINE, a Chinese entity; NIMO LLC, a Wyoming LLC; Dysatu Lighting Co., LTD., a Chinese entity; and OCLOLLI LIMITED, a Chinese entity; Kevin Studio, a Chinese entity; and DOES 1-10,<br><br>     Defendants. | Case No. 4:23-cv-00948-HSG<br><br>**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Hearing Date: February 8, 2024<br>Hearing Time: 2:00 p.m. |

122188178.2

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. ii

**NOTICE OF MOTION** ........................................................................................................... 1

**STATEMENT OF ISSUES** ..................................................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................... 2

I.   STATEMENT OF FACTS ............................................................................................ 2

II.  ARGUMENT ................................................................................................................. 5

III. A PERMANENT INJUNCTION AND DISABLING DEFENDANTS' DOMAIN NAMES SHOULD BE ORDERED ............................................................................ 11

IV.  RH SHOULD BE AWARDED STATUTORY DAMAGES OF $330,000 PER DEFENDANT ............................................................................................................. 14

V.   CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) .................................................................................................. 7

*Acad. Of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*,
   944 F.2d 1446 (9th Cir. 1991) .................................................................................................. 8

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) .................................................................................................. 5

*Bushnell, Inc. v. Brunton Co.*,
   673 F. Supp. 2d 1241 (D. Kan. 2009) ................................................................................ 13 n.3

*Canon Inc. v. GCC Int'l Ltd.*,
   450 F. Supp. 2d 243 (S.D.N.Y. 2006) ................................................................................ 13 n.3

*Chanel Inc. v. Yang*,
   2013 WL 5755217 (N.D. Cal. Oct. 21, 2013) ....................................................................... 12

*Chanel, Inc. v. US880*,
   2011 WL 13244270 (N.D. Cal. July 5, 2011) ....................................................................... 12

*Cleary v. News Corp.*,
   30 F.3d 1255 (9th Cir. 1994) .................................................................................................. 8

*Danning v. Lavine*,
   572 F.2d 1386 (9th Cir. 1978) .................................................................................................. 6

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) .................................................................................................. 9

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) .................................................................................. 5, *passim*

*F.W. Woolworth Co. v. Contemporary Arts*,
   344 U.S. 228 (1952) .................................................................................................................. 9

*Geddes v. United Fin. Group*,
   559 F.2d 557 (9th Cir. 1977) ................................................................................................ 10

*GoTo.com, Inc. v. Walt Disney Co.*,
   202 F.3d 1199 (9th Cir. 2000) .................................................................................................. 7

*Kloepping v. Fireman's Fund*, No. C 94-2684 THE,
   1996 U.S. Dist. LEXIS 1786, at *11, *14 (N.D. Cal. Feb. 13, 1996) ................................. 6, 10

*KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*,
   408 F.3d 596 (9th Cir. 2005) .................................................................................................. 7

*Lahoti v. VeriCheck, Inc.*,
   586 F.3d 1190 (9th Cir. 2009) .................................................................................................. 7

*Landstar Ranger, Inc. v. Parth Enters.*, No. 09-01426 MMM (AJWx),
   2010 U.S. Dist. LEXIS 79914, at *10-11 (C.D. Cal. July 19, 2010) ....................................... 8

*Los Angeles News Service v. Reuters Television Intern., Ltd.*,
  149 F.3d 987 (9th Cir. 1998)...................................................................................9

*Meadows v. Dominican Republic*,
  817 F.2d 517 (9th Cir. 1987)...................................................................................10

*Microsoft Corp. v. Nop*,
  549 F. Supp. 2d 1233 (E.D. Cal. 2008) ................................................................8-9

*New Form, Inc. v. Tekila Films, Inc.*,
  357 F. App'x 10 (9th Cir. 2009)............................................................................8, 9

*Nike, Inc. v. Fujian Bestwinn (China) Indus. Co.*,
  166 F. Supp. 3d 1177 (D. Nev. 2016)......................................................................13

*O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF,
  2010 U.S. Dist. LEXIS 101941, at *11 (D. Nev. Sept. 9, 2010)..............................6

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  2007 WL 869576 (E.D. Tex. Mar. 21, 2007) .................................................. 13 n.3

*Ohio Oil Co. v. Conway*,
  279 U.S. 813 (1929) ...............................................................................................13

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..................................................... 6, 8 10, 11

*Philip Morris USA, Inc. v. Castworld Prods.*, Inc.,
  219 F.R.D. 494 (C.D. Cal. 2003) .............................................................................5

*Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*,
  No. 22-CV-03054-JSC, 2023 WL 2815358, (N.D. Cal. Apr. 5, 2023) .............. 9 n.2

*Robert Bosch, LLC v. Pylon Mfg. Corp*,
  659 F.3d 1142 (Fed. Cir. 2011) ........................................................................ 13 n.3

*TeleVideo Sys., Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987)................................................................. 2 n.1, 5, 10

*Winter v. Natural Res. Def. Council*,
  555 U.S. 7 (2008) ...................................................................................................11

**Statutes**

15 U.S.C. § 1114................................................................................................................7
15 U.S.C. § 1116(a) .........................................................................................................12
15 U.S.C. § 1125(a) ...........................................................................................................7
17 U.S.C. § 106..................................................................................................................7
17 U.S.C. § 410(c).............................................................................................................7
17 U.S.C. § 504(b) ............................................................................................................8
17 U.S.C. § 504(c)(1) .......................................................................................................8
17 U.S.C. § 504(c)(2) .......................................................................................................8
California Business and Professions Code § 17200..................................................7-8

iii
PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
122188178.2

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................ 6
Fed. R. Civ. P. 55(a) ......................................................................................................... 5
Fed. R. Civ. P. 55(b) .................................................................................................. 1, 2, 5
Fed. R. Civ. P. 55(b)(1) - (2) ............................................................................................. 5

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on **February 8, 2024**, at **2:00 p.m.** (or as soon thereafter as the matter may be heard) before Judge Haywood S. Gilliam Jr. of the United States District Court for the Northern District of California, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs Restoration Hardware, Inc. and RH US LLC will move and hereby move the Court for default judgment against: (1) Alimia Light as the operator of the websites at <alimialight.com>, <puslighting.com>, and <alimialighting.com> ("Alimia Light"); (2) Zhongshan Zhuosai Lighting, Co., Ltd. doing business as "Yami Lighting" and "Pop Lamps" (collectively, "Zhuosai Lighting"); (3) Shanghai ZeroTai Industrial Co. doing business as "Grand Lamps" ("Grand Lamps"); (4) Zhonshan Yuyi Co., Ltd. doing business as Wing Lighting ("Wing Lighting"); (5) Zhongshan Laiting Lighting Co., Ltd. doing business as Oasis Lamps ("Oasis Lamps"); (6) Zhongshan Momo Lighting Co., Ltd. doing business as Momo ("Momo Chandelier"); (7) Fanci Light as the operator of the websites at <fancilight.com> and <fancilighting.com> ("Fanci Light"); (8) Cure Lighting, LLC ("Cure Lighting"); (9) Clouds Lights ("Clouds Lights"); (10) Kushigo Limited doing business as "Eric Light" and "Emma Lighting" (collectively, "Kushigo Limited"); (11) Lighting Forever as the operator of the website <lighting-forever.com> ("Lighting Forever"); (12) Zhongshan Reborn Lighting Co., Ltd. ("Reborn"); (13) Showsun Lighting and Sunny Wang doing business as "Showsun Lighting" (collectively, "Showsun Lighting"); (14) Jinhua Sigma Industrial & Trading Co., Ltd. ("Sigma Living"); (15) Ineffable Lighting as the operator of the websites <ineffablelighting.com> and <ineffable-lighting.com> ("Ineffable Lighting"); (16) Nimo LLC as the operator of the website <zenduce.com> ("Zenduce"); (17) Oclolli Limited doing business as "Mooni Lighting" ("Oclolli"); and (18) Kevin Studio, the operator of the websites <kevinstudioinc.com> and <kevinstudiolives.com> ("Kevin Studio") (collectively "Defendants").

1

This Motion is based on the Memorandum of Points and Authorities below, the Complaint (ECF No. 1) and all other papers and pleadings on file in this case, and such additional arguments and evidence as may be presented at any hearing on this Motion.

**STATEMENT OF ISSUES**

1. Should the Court grant default judgment?
2. What relief should the Court grant in connection with default judgment?

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH"), respectfully move the Court for default judgment and entry of statutory damages, a permanent injunction enjoining Defendants from infringing RH's intellectual property, an order disabling the websites and storefronts that Defendants are using to infringe RH's intellectual property until compliance with the foregoing injunction, and other relief as described below.

**I.   STATEMENT OF FACTS**

**A.   Background on RH**

RH is an innovative and popular luxury retailer in the home furnishings marketplace. (Compl. ¶ 57.)[1] RH offers a wide variety of luxury home furnishings, including furniture, lighting, textiles, and other products. (*Id.*) RH was founded in Eureka, California, in 1980. (*Id.*) Over the past 42 years, RH has grown to approximately 68 retail stores (known as "galleries") in the U.S. and Canada. (*Id.*) RH sells its products (including the lighting products at issue in this case) through its galleries, catalogs (known as "source books"), and through its website at <RH.com>. (*Id.*)

/ / /

---

[1] All factual allegations in the Complaint must be accepted as true, except those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

RH is well known for using artistic photographs to promote its products, including its lighting products. (Compl. ¶ 58.) RH spends a substantial amount of time, money, and effort staging and photographing its products. (*Id.*) RH's source books and websites feature thousands of photographs featuring RH's products in upscale and refined settings. (*Id.*) RH's photographs and products are frequently featured in design, home décor, and lifestyle publications, such as *Architectural Digest*, *Elle Décor*, *InStyle*, *Interiors*, *Luxe* and *Veranda*. (*Id.*)

### B. RH's Copyrights in Photographs

RH owns copyrights in the product photographs. (Compl. ¶ 59.) RH currently owns more than 90 U.S. copyright registrations, including registrations for source books, the <RH.com> website, and a compilation of lighting photographs, which collectively cover all of the photographs at issue in this case. (*Id.*) True and correct copies of registrations for these works are attached as Exhibit A to the Complaint ("RH Copyrighted Works"). Based on these registrations, RH owns the exclusive right to copy, distribute and publicly display the RH Copyrighted Works. (*Id.*)

### C. Trademark Rights in Lighting Product Names

RH owns common law rights in the product names it uses for the lighting products at issue in this case: AQUITAINE, ARCACHON, BOULE DE CRISTAL, CAMINO, CANNELE, CASCADA, ECLATANT, FULCRUM, HARLOW, MACHINIST, MARIGNAN, PAUILLAC, PEARL, RAIN, RAVELLE, RHYS, SAN MARCO, SAVILE, SPIRIDON, UTILITAIRE, and WRIGHT. (Compl. ¶ 60.) Furthermore, RH owns common law as well as Federal trademark registrations for its RESTORATION HARDWARE Mark (collectively, with the product names, "RH Marks"). (*Id.*) As a result of RH's use of these marks in commerce, consumers have come to associate the marks with high-quality lighting products from RH. (*Id.*) A table identifying the RH Marks with their dates of first use in commerce is attached as Exhibit B to the Complaint. Based on its continuous use of the RH Marks, RH owns exclusive common law rights to use the RH Marks in connection with the sale of lighting

products in the U.S. (*Id.*)

### D.  Defendants' Infringement of RH's Intellectual Property Rights

Defendants are foreign companies operating online stores that are using RH's Copyrighted Works and RH Marks to sell knockoffs of RH products to the U.S. Market. (Compl. ¶ 2.) They are engaging in blatant infringement of RH's intellectual property rights. (*Id.*) RH compiled all instances of copyright infringement of the RH Copyrighted Works into Exhibit C Complaint and all instances of infringement of the RH Marks into Exhibit D of the Complaint.

### E.  Defendants Ignored the Court's TRO, And the Court Entered a Website/Storefront Shutdown Order

At the outset of this case, the Court granted RH a TRO ordering Defendants to cease infringement of RH's intellectual property rights. (ECF No. 23 at 6.) In the TRO entered on May 24, 2023, the Court enjoined Defendants from infringing RH's intellectual property rights:

> The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:
>
> (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in Dkt. No. 1-4.
>
> (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in Dkt. No. 1-5.

(ECF No. 23 at 6.) On May 25, 2023, RH served the TRO on Defendants. (Doc. #26.) The Court's TRO Order required Defendants to submit a response to the Motion for Preliminary Injunction by June 16, 2023. (*Id.* at 8.)

Prior to the Preliminary Injunction hearing, RH reviewed all Defendants' websites to determine their compliance with the TRO. Research revealed that most of the Defendants did not comply in that they were continuing to use RH Copyrighted Works or RH Marks. (ECF No. 30.) Accordingly, the Court entered a preliminary

4

injunction order shutting down the non-compliant Defendants' websites until further order of the Court. (ECF No. 38.)

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)-(2). The choice as to whether a default judgment should be entered lies within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id*. Instead, the Ninth Circuit has determined that a district court should look at seven discretionary factors before rendering a decision on a motion seeking a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The issuance of a permanent injunction, an award of monetary damages, and recovery of attorneys' fees and costs are the proper subjects of a default judgment. *See Philip Morris USA, Inc. v. Castworld Prods.*, Inc., 219 F.R.D. 494, 501-03 (C.D. Cal. 2003).

/ / /

/ / /

### B. The Eitel Factors Favor Entry of Default Judgment

#### i. RH Would Be Prejudiced If the Motion for Default Judgment Was Denied

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendants failed to appear and defend against this action. In the absence of a default judgment, RH will suffer prejudice because they will not be allowed to litigate their claim and will be effectively denied all relief. *See, e.g., O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, at *11 (D. Nev. Sept. 9, 2010) ("Villamor has failed to appear and defend this suit, delaying the judicial process. Without a default judgment[,] the United States cannot have a final resolution of its tax claims, and thus will suffer prejudice."); *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 U.S. Dist. LEXIS 1786, at *14 (N.D. Cal. Feb. 13, 1996) ("[P]laintiff has made good faith efforts to negotiate with defendant to settle the case, and has had to expend more time, effort, and money in order to recover the money that plaintiff has lost. Defendant's history of evasive tactics and willful disregard of this action leaves this Court with great pessimism as to defendant's ability to cooperate with the plaintiff should relief be denied."). This factor weighs in favor of judgment by default.

#### ii. The Copyright And Trademark Claims Are All Meritorious

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8; *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978).

In this case, RH brought claims for copyright infringement, trademark infringement, and unfair competition under California state law. All of these claims have merit, as demonstrated by the previously issued preliminary injunctions against Defendants. (ECF Nos. 34.) RH briefly addresses these claims again.

To prevail on its copyright infringement claim (Count I), RH must (1) show ownership of the copyrights, and (2) a violation of at least one exclusive right under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). RH satisfies both requirements. First, the Copyright Office has issued certificates of registration for RH source books and website that include the RH Copyrighted Works shown in Exhibit A of the Complaint. (*See* Compl. ¶ 59 & Ex. A). Registration creates a presumption of copyright validity and ownership. *See* 17 U.S.C. § 410(c). Second, all of the Defendants have directly infringed RH's copyrights, as evidenced by the allegations, side-by-side images, and lengthy exhibits detailing Defendants' copying of RH's Copyrighted Works. (*See* Compl. ¶¶ 61-104, & Ex. C.)

To prevail on a claim for trademark infringement under the Lanham Act (Count II), RH must show ownership of the RH Marks and that Defendants' use of the marks or marks similar thereto is likely to cause confusion, or to cause mistake, or to deceive. *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (*quoting KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)); *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 n.3 (9th Cir. 2000) (quotation omitted). *See also* 15 U.S.C. §§ 1114, 1125(a).

Here, RH owns the RH Marks based on its prior use of the RH Marks in commerce, as well as its federal trademark registrations for the RESTORATION HARDWARE mark. RH began using each of the RH Marks prior to Defendants' first use. (Compl. ¶¶ 60, 117 & Ex. B (showing the date of first use for each of the RH Marks).) Furthermore, Defendants' use of the RH Marks is likely to cause confusion as alleged and as shown in side-by-side comparisons of the usage of the marks by Defendants demonstrating the near identical use of the RH Marks (often times, alongside use of RH's Copyrighted Works). (Compl. ¶ 61-104 & Ex. D.) As for RH's parallel claim for unfair competition under California state law (Count III), the Ninth Circuit "has consistently held that state common law claims of unfair competition and

actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). "Under both, the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks." *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) (internal quotation marks omitted).

In sum, RH has stated meritorious claims against Defendants. Therefore, the second and third *Eitel* factors favor entry of a default judgment.

### C. RH Should Be Awarded Statutory Damages

Under the fourth *Eitel* factor, the court considers "the amount of money at stake in relation to the seriousness of Defendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enters.*, No. 09-01426 MMM (AJWx), 2010 U.S. Dist. LEXIS 79914, at *10-11 (C.D. Cal. July 19, 2010).

RH seeks an award of statutory damages under the Copyright Act. Under Section 504(b) of the Copyright Act, RH is entitled to actual damages for copyright infringement. In the alternative, at a copyright plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c)(1). In addition, if the infringement was committed willfully, the statutory damages may increase to $150,000. 17 U.S.C. § 504(c)(2).

Statutory damages "are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238

(E.D. Cal. 2008). A statutory damages award within the limits prescribed by Congress is appropriate "[e]ven for uninjurious and unprofitable invasions of copyright." *New Form*, 357 Fed. Appx. at 11 (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Unlike actual damages, statutory damages have a punitive purpose "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

In this case, Defendants have not appeared to defend despite being served with the Summons, Complaint, TRO and Preliminary Injunction Order. (ECF Nos. 26, 28 and 35.) As such, RH does not know the full extent of the damage Defendants have caused. Thus, RH is seeking statutory damages under the Copyright Act.

It is clear that the Defendants' infringement is willful. Defendants copied literally hundreds of RH's Copyrighted Works, along with RH Marks, to sell knockoffs of RH's lighting products. (Compl. ¶¶ 61-104 & Exs. C and D.) Nonetheless, RH only asks that the Court award the maximum amount of $30,000 in statutory damages for non-willful infringement per work. Given the small amount RH seeks in comparison to the actual range of statutory damages, this supports entry of default. *See, e.g.*, *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008) (finding that seeking maximum amount of statutory range under non-willful infringement despite the infringement being willful meant the amount of money at stake was "relatively small" and supported entry of default).

Because this case involves eleven registered copyrighted works (Compl., Ex. A), the total amount of statutory damages per Defendant[2] should be **$330,000.**

/ / /

---

[2] For Showsun Lighting, which is defined to include both Showsun Lighting (the company) and Mr. Sunny Wang (the company representative, Compl. ¶ 20), RH seeks only one statutory damages award of $330,000 that will apply them both, jointly and severally. *Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*, No. 22-CV-03054-JSC, 2023 WL 2815358, at *8 (N.D. Cal. Apr. 5, 2023) (awarding one statutory damages award for each *group* of defendants who are jointly and severally liable for the same infringement).

### D.   There Is No Factual Dispute Precluding Entry of Default

The fifth *Eitel* factor considers the possibility of a dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As noted above, upon entry of default, all factual allegations of the Complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Systems*, 826 F.2d at 917-918; *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Given the sufficiency of the Complaint and the fact that RH's allegations must be accepted as true, there can be no dispute of material fact that would preclude default judgment. *See Kloepping*, 1996 U.S. Dist. LEXIS 1786, at *11 ("[P]laintiff's presumptively accurate factual allegations leave little room for dispute. In addition, . . . the Court also notes that defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations."). Accordingly, this factor also weighs in favor of judgment by default.

### E.   Defendants' Failure to Answer Was Not the Result of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants' actions were calculated and not the result of excusable neglect. Defendants were served the Complaint and summonses via the email address they used to conduct business. (ECF No. 26 and 28.) Defendants were also served with the Court's TRO and Preliminary injunction order. (ECF Nos. 26, 35, 39.) Given the multiple times Defendants were notified of this case, Defendants were likely aware of this action. Defendants' disregard for this litigation was not due to inadvertence or excusable neglect. As such, this factor weighs in favor of default judgment.

/ / /

### F. Although the Federal Rules Generally Prefer Decisions on the Merits, Defendants Have Made Decision on the Merits Impossible

The seventh *Eitel* factor considers the public policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this public policy generally favors a decision on the merits, a default judgment is appropriate where a defendant deliberately neglects to wage a defense, as is the case here. *See PepsiCo*, 238 F. Supp. at 1177 ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible").

Here, as a matter of judicial economy, and in view of the other *Eitel* factors, it makes no sense to drag this litigation out any longer or continue to congest this Court's docket with a case that is not being defended. Under these circumstances a default judgment is entirely appropriate despite the public policy favoring the resolution of disputes on the merits.

***

Application of the various *Eitel* factors to this case mandates default judgment against Defendants.

## III. A PERMANENT INJUNCTION AND DISABLING DEFENDANTS' DOMAIN NAMES SHOULD BE ORDERED

A party seeking a permanent injunction must establish the following: (1) actual success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008) (citation omitted).

### A. Permanent Injunction Against Further Infringement Is Warranted

Here, as an initial matter, a permanent injunction to cease infringing RH's intellectual property rights is warranted because RH has achieved "actual success on the merits" through Defendants' default. Further, RH is likely to suffer irreparable injury because, absent injunctive relief, Defendants' infringement of RH's intellectual property rights is likely to continue and there is simply no other effective remedy to

stop the infringement. Moreover, with respect to RH's trademark infringement claim, given RH's success on the claim, RH is entitled to a *presumption* of irreparable harm under the recently enacted Trademark Modernization Act of 2020, 15 U.S.C. § 1116(a). As such, RH seeks a permanent injunction consistent with the previously entered preliminary injunction to enjoin further infringement of RH's intellectual property rights. (*See* ECF Nos. 34 and 38.)

The balance of harms and the public interest both weigh in RH's favor. RH has expended substantial sums of time and money creating its intellectual property (Compl. ¶ 58), and any harm to Defendants in forcing it to comply with the requirements of the law merits little equitable consideration. Similarly, the public interest lies in favor of upholding intellectual property interests in trademarks and copyright.

### B. An Order to Disable The Websites and Online Storefronts Is Necessary to Ensure Compliance

Additionally, like in the preliminary injunction, RH also seeks an order to disable the websites and storefronts that have been used by Defendants to proliferate the infringement of RH's intellectual property rights. Other courts have ordered disabling websites and storefronts where the infringement is occurring. *See, e.g., Chanel Inc. v. Yang*, No. C 12-4428 PJH, 2013 WL 5755217, at *12 (N.D. Cal. Oct. 21, 2013) (ordering domain name Registry to transfer or disable websites used to sell counterfeit goods); *Chanel, Inc. v. US880*, No. C 10-02601 PJH (JSC), 2011 WL 13244270, at *3 (N.D. Cal. July 5, 2011), *report and recommendation adopted*, No. C 10-2601 PJH, 2011 WL 13243838 (N.D. Cal. July 28, 2011) (ordering shutdown of websites used to sell products bearing plaintiff's trademarks).

Furthermore, disabling the websites and storefronts is the only effective remedy left to RH. The Defendants reside in China and have no presence in the United States. (Compl. ¶¶ 32-53.) Having no domestic presence and no identifiable domestic assets, it will be difficult or impossible for RH to enforce a money judgment

against any Defendants in this case (apart from the small amounts in financial accounts that RH was able to freeze as the result of the TRO). Thus, RH's harm is irreparable because monetary remedies are inadequate, and injunctive relief may be the only type of effective relief that RH will obtain. *Ohio Oil Co. v. Conway*, 279 U.S. 813, 814 (1929) (finding irreparable injury when there was no effective remedy to recover money); *Nike, Inc. v. Fujian Bestwinn (China) Indus. Co.*, 166 F. Supp. 3d 1177, 1179 (D. Nev. 2016) (finding irreparable injury for order for TRO and seizure because 'it may be difficult or impossible for NIKE to recover a money judgment against" a foreign company with no presence in the United States).[3]

The need to disable the websites and storefronts is further shown by the fact that Defendants continue to infringe RH's intellectual property rights despite the TRO. (ECF No. 30.) To stop this, Court entered a preliminary injunction to disable the websites and storefronts. (ECF Nos. 34 and 38.) Even this, however, has only led to partial compliance by Defendants. RH recently learned that several Defendants (specifically, Alimia Light, Zhousai Lighting (Yami Lighting), Wing Lighting, Oasis Lamps, Fanci Light, Kushigo Limited (Eric Light and Emma Lighting), Sigma Living, Ineffable Lighting and Kevin Studio), have violated the Court's preliminary injunction order by creating new websites and storefronts which continue to infringe RH's intellectual property rights. (Zhong Decl. ¶ 6 & Exs. A and B.) These new websites and storefronts have been added to the proposed default judgment order.

Finally, to balance out any possible prejudice to Defendants from having their website/storefront disabled, the Court could (as it did with the preliminary injunction)

---

[3] *See also, Robert Bosch, LLC v. Pylon Mfg. Corp*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 04-32, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds*, 521 F.3d 1351 (Fed. Cir. 2008) (finding irreparable harm where "all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages")); *Bushnell, Inc. v. Brunton Co.*, 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction where "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 256 (S.D.N.Y. 2006) (granting preliminary injunction where defendant was largely based abroad).

allow Defendants to appear at any time before the Court and demonstrate they will comply with the Court's order to cease infringing RH's intellectual property rights. If Defendants show this in a satisfactory manner, the Court may relieve Defendants from that portion of the permanent injunction. Thus, Defendants will hold the key to their own relief.

## IV. RH SHOULD BE AWARDED STATUTORY DAMAGES OF $330,000 PER DEFENDANT

As indicated above, RH seeks statutory damages for $330,000 per Defendant. During the preliminary stages of this case, RH was able to freeze certain financial accounts belonging to the Defendants. (ECF Nos. 23 at 6 (authorizing freezing of PayPal accounts.) Only one account holds any money (around $24,000), belonging to Nimo LLC (identified as "Zenduce") which is considerably less than the judgment per Defendant.[4]

As such, once the Court issues the default judgment, the Court should authorize PayPal to distribute the money in that account to RH for partial satisfaction of the judgment.

## V. CONCLUSION

The Court should grant RH's motion for default judgment.

Dated: January 2, 2024

By: /s/ Meng Zhong
Michael J. McCue (SBN: 296425)
Meng Zhong (SBN: 344124)
LEWIS ROCA ROTHGERBER CHRISTIE
203 Redwood Shores Parkway, Suite 670
Redwood City, CA 94065
Tel.: 650.391.1380
MMcCue@LewisRoca.com
MZhong@LewisRoca.com

*Attorneys for Plaintiffs*
*Restoration Hardware, Inc.*
*and RH US, LLC*

---

[4] PayPal also froze accounts belonging to Hurley, Dyco, Decormote, and Dekorfine. (ECF No. 23 at 6.) Plaintiffs resolved their case against those Defendants and thus, those accounts are no longer frozen.