1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4 | RESTORATION HARDWARE, INC.,     **Case No. 4:23-cv-00948-HSG (KAW)**

5 | a Delaware corporation; and RH US, LLC, a
Delaware limited liability company,     **[PROPOSED] ORDER GRANTING**
**PLAINTIFFS' MOTION FOR**

6 |                                        **DEFAULT JUDGMENT**

7 |         Plaintiffs,

8 | v.

9 | ALIMIA LIGHT, a Chinese entity;
ZHONGSHAN ZHUOSAI LIGHTING, CO.,

10 | LTD., a Chinese entity; SHANGHAI
ZEROTAI INDUSTRIAL CO., a Chinese

11 | entity; ZHONSHAN YUYI CO., LTD., a
Chinese entity; ZHONGSHAN LAITING

12 | LIGHTING CO., LTD., a Chinese entity;
ZHONGSHAN MOMO LIGHTING CO.,

13 | LTD., a Chinese entity; FANCI LIGHT, a
Chinese entity; CURE LIGHTING, LLC, a

14 | Chinese entity; CLOUDS LIGHTS, a
Chinese entity; KUSHIGO LIMITED, a

15 | Chinese entity; LIGHTING FOREVER, a
Chinese entity; HURLEY LIGHT, a Chinese

16 | entity; ZHONGSHAN REBORN LIGHTING
CO. LTD., a Chinese entity; SHOWSUN

17 | LIGHTING, a Chinese entity; SUNNY
WANG, an individual residing in China;

18 | JINHUA SIGMA INDUSTRIAL & TRADING
CO., LTD., a Chinese entity; DYCO

19 | DÉCOR, a Chinese entity; INEFFABLE
LIGHTING, a Chinese entity; DEKORFINE,

20 | a Chinese entity; NIMO LLC, a Wyoming
LLC; Dysatu Lighting Co., LTD., a Chinese

21 | entity; and OCLOLLI LIMITED, a Chinese
entity; Kevin Studio, a Chinese entity; and

22 | DOES 1-10,

23 |         Defendants.

24

25

26

27

28

**INTRODUCTION**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH") seek default judgment and entry of statutory damages, a permanent injunction enjoining (1) Alimia Light as the operator of the websites at <alimialight.com>, <puslighting.com>, and <alimialighting.com> ("Alimia Light"); (2) Zhongshan Zhuosai Lighting, Co., Ltd. doing business as "Yami Lighting" and "Pop Lamps" (collectively, "Zhuosai Lighting"); (3) Shanghai ZeroTai Industrial Co. doing business as "Grand Lamps" ("Grand Lamps"); (4) Zhonshan Yuyi Co., Ltd. doing business as Wing Lighting ("Wing Lighting"); (5) Zhongshan Laiting Lighting Co., Ltd. doing business as Oasis Lamps ("Oasis Lamps"); (6) Zhongshan Momo Lighting Co., Ltd. doing business as Momo ("Momo Chandelier"); (7) Fanci Light as the operator of the websites at <fancilight.com> and <fancilighting.com> ("Fanci Light"); (8) Cure Lighting, LLC ("Cure Lighting"); (9) Clouds Lights ("Clouds Lights"); (10) Kushigo Limited doing business as "Eric Light" and "Emma Lighting" (collectively, "Kushigo Limited"); (11) Lighting Forever as the operator of the website <lighting-forever.com> ("Lighting Forever"); (12) Zhongshan Reborn Lighting Co., Ltd. ("Reborn"); (13) Showsun Lighting and Sunny Wang doing business as "Showsun Lighting" (collectively, "Showsun Lighting"); (14) Jinhua Sigma Industrial & Trading Co., Ltd. ("Sigma Living"); (15) Ineffable Lighting as the operator of the websites <ineffablelighting.com> and <ineffable-lighting.com> ("Ineffable Lighting"); (16) Nimo LLC as the operator of the website <zenduce.com> ("Zenduce"); (17) Oclolli Limited doing business as "Mooni Lighting" ("Oclolli"); and (18) Kevin Studio, the operator of the websites <kevinstudioinc.com> and <kevinstudiolives.com> ("Kevin Studio") (collectively "Defendants") from infringing RH's intellectual property, an order disabling the websites and online storefronts that Defendants are using to infringe RH's intellectual property, and other relief as described below. The Court hereby GRANTS the Motion for Default Judgment on terms as set forth below.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG (KAW)
123956219.2

# I.     BACKGROUND

The following facts are set forth in the Complaint and deemed true for the purposes of default judgment.

## A.     Background on RH

RH is an innovative and popular luxury retailer in the home furnishings marketplace. (Compl. ¶ 57.)[1] RH offers a wide variety of luxury home furnishings, including furniture, lighting, textiles, and other products. (*Id.*) RH was founded in Eureka, California, in 1980. (*Id.*) Over the past 42 years, RH has grown to approximately 68 retail stores (known as "galleries") in the U.S. and Canada. (*Id.*) RH sells its products (including the lighting products at issue in this case) through its galleries, catalogs (known as "source books"), and through its website at <RH.com>. (*Id.*)

RH is well known for using artistic photographs to promote its products, including its lighting products. (Compl. ¶ 58.) RH spends a substantial amount of time, money, and effort staging and photographing its products. (*Id.*) RH's source books and websites feature thousands of photographs featuring RH's products in upscale and refined settings. (*Id.*) RH's photographs and products are frequently featured in design, home décor, and lifestyle publications, such as *Architectural Digest*, *Elle Décor*, *InStyle*, *Interiors*, *Luxe* and *Veranda*. (*Id.*)

## B.     RH's Copyrights in Photographs

RH owns copyrights in the product photographs. (Compl. ¶ 59.) RH currently owns more than 90 U.S. copyright registrations, including registrations for source books, the <RH.com> website, and a compilation of lighting photographs, which collectively cover all of the photographs at issue in this case. (*Id.*) True and correct copies of registrations for these works are attached as Exhibit A to the Complaint ("RH Copyrighted Works"). Based on these registrations, RH owns the exclusive right to copy, distribute and publicly display the RH Copyrighted Works. (*Id.*)

---

[1] All factual allegations in the Complaint must be accepted as true, except those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

1

### C.    Trademark Rights in Lighting Product Names

2

RH owns common law rights in the product names it uses for the lighting products

3

at issue in this case: AQUITAINE, ARCACHON, BOULE DE CRISTAL, CAMINO,

4

CANNELE, CASCADA, ECLATANT, FULCRUM, HARLOW, MACHINIST, MARIGNAN,

5

PAUILLAC, PEARL, RAIN, RAVELLE, RHYS, SAN MARCO, SAVILE, SPIRIDON,

6

UTILITAIRE, and WRIGHT. (Compl. ¶ 60.) Furthermore, RH owns common law as well as

7

Federal trademark registrations for its RESTORATION HARDWARE Mark (collectively,

8

with the product names, "RH Marks"). (*Id.*) As a result of RH's use of these marks in

9

commerce, consumers have come to associate the marks with high-quality lighting

10

products from RH. (*Id.*) A table identifying the RH Marks with their dates of first use in

11

commerce is attached as Exhibit B to the Complaint. Based on its continuous use of the

12

RH Marks, RH owns exclusive common law rights to use the RH Marks in connection with

13

the sale of lighting products in the U.S. (*Id.*)

14

### D.    Defendants' Infringement of RH's Intellectual Property Rights

15

Defendants are foreign companies operating online stores that are using RH's

16

Copyrighted Works and RH Marks to sell knockoffs of RH products to the U.S. Market.

17

(Compl. ¶ 2.) They are engaging in blatant infringement of RH's intellectual property rights.

18

(*Id.*) RH compiled all instances of copyright infringement of the RH Copyrighted Works into

19

Exhibit C to the Complaint and all instances of infringement of the RH Marks into Exhibit D

20

of the Complaint. In connection with this Motion, RH submitted updated charts that identify

21

additional infringing websites and storefronts operated by Defendants. (Declaration of

22

Meng Zhong in Support of Motion for Default Judgment, (ECF No. 44-1) ("Zhong Decl."),

23

Exs. A and B (ECF Nos. 44-2 and 44-3).)

24
25

### E.    Defendants Ignored the Court's TRO Order, And the Court Entered a Website/Storefront Shutdown Order

26

At the outset of this case, the Court granted RH a TRO ordering Defendants to

27

cease infringement of RH's intellectual property rights. (ECF No. 23 at 6.) In the TRO

28

3

entered on May 24, 2023, the Court enjoined Defendants from infringing RH's intellectual property rights:

> The Court enjoins Defendants and their respective officers, agents, servants, employees, and all persons acting in active concert and participation with them from:
>
> (a) copying, distributing, or publicly displaying any of Plaintiffs' copyrighted works, including removal of the links identified in Dkt. No. 1-4.
>
> (b) Using any of the RH Marks or any marks confusingly similar thereto, in commerce in connection with the manufacturing, offering for sale, or sale of any lighting products, including removal of the links identified in Dkt. No. 1-5.

(ECF No. 23 at 6.) On May 25, 2023, RH served the TRO on Defendants. (ECF No. 26.) The Court's TRO Order required Defendants to submit a response to the Motion for Preliminary Injunction by June 16, 2023. (ECF No. 23 at 8.)

Prior to the Preliminary Injunction hearing, RH reviewed all Defendants' websites to determine their compliance with the TRO. Research revealed that most of the Defendants did not comply in that they are continuing to use RH Copyrighted Works or RH Marks. (ECF No. 30.) Accordingly, the Court entered a preliminary injunction order shutting down the non-compliant Defendants' websites until further order of the Court. (ECF No. 38.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where a default judgment is granted, the scope of relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III.    DISCUSSION

### A.    Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

#### i.    Subject Matter Jurisdiction

Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over this action, because this action arises under the laws of the United States, including the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Additionally, pursuant to 28 U.S.C. § 1367, this Court has supplemental subject matter jurisdiction over RH's pendent state law claim for California Unfair Competition, Cal. Bus. & Prof. Code § 17200, because this claim is related to RH's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ii.      Personal Jurisdiction

This Court has personal jurisdiction over each of the Defendants because Defendants have purposely directed their actions to the State of California, including this District.

### a.      Defendants

### i.      Defendant Alimia Light

Alimia Light is based in China at Xinfeng Road No. 53, Building 7, 1st Floor, Chengua District.   Alimia Light owns and operates the ecommerce website at <alimialight.com>. (Compl. ¶ 6.)

Upon information and belief, Alimia Light also owns and operates the ecommerce websites <puslighting.com> and <alimialighting.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Alimia Lights websites are interactive websites on which Alimia Light uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Alimia Light ships its infringing products to the United States including consumers in the State of California, including this District. Alimia Light also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California.  (Compl. ¶ 32.)

### ii.      Defendant Zhongshan Zhuosai Lighting, Co., Ltd. d/b/a Yami Lighting and Pop Lamps ("Zhuosai Lighting")

Zhongshan Zhuosai Lighting Co., Ltd., doing business as d/b/a Yami Lighting and Pop Lamps, (previously defined as "Zhuosai Lighting") is a company formed under the law of China and is the owner and operator of the ecommerce websites <yami-lighting.com> and <poplamps.com>.  The websites identify Zhuosai Lighting's address as Room 210-101, the 1st building of Mingwang E-commerce factory, No. 96 north of Shunxing Road, Henglan Town, Zhongshan, China. (Compl. ¶ 7.)

1    Upon information and belief, Zhuosai Lighting is also the owner and operator of the
2    ecommerce website at <yamilightings.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

3    The Yami Lighting and Pop Lamps websites are interactive websites on which Yami
4    Lighting and Pop Lamps use RH's copyrighted photographs and RH trademarks to
5    advertise and sell knockoffs of RH products to consumers in the State of California,
6    including this District. Yami Lighting and Pop Lamps ship its infringing products to the
7    United States including consumers in the State of California, including this District. Yami
8    Lighting and Pop Lamps also utilizes California-based service providers, including
9    payment providers and processors, to support its infringing conduct directed to the State
10    of California. (Compl. ¶ 33.)

11    ### iii.    Defendant Shanghai ZeroTai Industrial Co. d/b/a Grand Lamps

12

13    Defendant Shanghai ZeroTai Industrial Co., doing business as Grand Lamps,
14    (previously defined as "Grand Lamps") is a company formed under the law of China and is
15    based in China at No. 2, Lane 921, Zinshen Road, Zinhe Town, Chongming District,
16    Shanghai. (Compl. ¶ 8.)

17    Grand Lamps owns and operates the ecommerce website at <grandlamps.com>.
18    The Grand Lamps website is an interactive website on which Grand Lamps uses RH's
19    copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH
20    products to consumers in the State of California, including this District. Grand Lamps ships
21    its infringing products to the United States including consumers in the State of California,
22    including this District. Grand Lamps also utilizes California-based service providers,
23    including payment providers and processors, to support its infringing conduct directed to
24    the State of California. (Compl. ¶ 34.)

25
26
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

### iv.    Defendant Zhonshan Yuyi Co., Ltd. d/b/a Wing Lighting

Defendant Zhongshan Yuyi Co., Ltd., doing business as Wing Lighting, (previously defined as "Wing Lighting") is a company formed under the laws of China. Wing Lighting owns and operates the ecommerce website at <winglightings.com>. (Compl. ¶ 9.)

Upon information and belief, Wing Lighting also owns and operates the ecommerce website at <wing-lighting.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Wing Lighting websites are interactive websites on which Wing Lighting uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Wing Lighting ships its infringing products to the United States including consumers in the State of California, including this District. Wing Lighting also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 35.)

### v.    Defendant Zhongshan Laiting Lighting Co., Ltd. d/b/a Oasis Lamps

Defendant Zhongshan Laiting Lighting Co., Ltd., doing business as Oasis Lamps, (previously defined as "Oasis Lamps") is a company formed under the laws of China. Oasis Lamps owns and operates the ecommerce website at <oasislamps.com>. (Compl. ¶ 10.)

Upon information and belief, Oasis Lamps also owns and operates the ecommerce website at <oasislampus.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Oasis Lamps websites are interactive websites on which Oasis Lamps uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Oasis Lamps ships its infringing products to the United States including consumers in the State of California, including this District. Oasis Lamps also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 36.)

8

### vi.     Defendant Zhongshan Momo Lighting Co., Ltd. d/b/a Momo Chandelier

Upon information and belief, Defendant Zhongshan Momo Lighting Co., Ltd., doing business as Momo Chandelier, (previously defined as "Momo Chandelier") is a company formed under the laws of China and is based in China at 1 / F, No. 3, Touwan Lane 5, Gangnan River, Guzhen Town, Zhongshan, Guangdong. Momo Chandelier owns and operates the ecommerce website at <momochandelier.com>, and is the operator of the Alibaba storefront at <momolight.en.alibaba.com>. (Compl. ¶ 11.)

The Momo Chandelier website is an interactive website on which Momo Chandelier uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Momo Chandelier ships its infringing products to the United States including consumers in the State of California, including this District. Momo Chandelier also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 37.)

### vii.     Defendant Fanci Light

Defendant Fanci Light is the owner and operator of the ecommerce website at <fancilight.com>. The website identifies Fanci Light's address as 6547 N Academy Blvd. 226, Colorado Spring, CO 80918. Defendant is using this address as a "virtual office" location but has no physical presence there and is likely based in China. (Compl. ¶ 12.)

Upon information and belief, Fanci Light is also the owner and operator of the ecommerce website at <fancilighting.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Fanci Light websites are interactive websites on which Fanci Light uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Fanci Light ships its infringing products to the United States including consumers in the State of California, including this District. Fanci Light also utilizes California-based service providers, including

9

payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 38.)

### viii.    Defendant Cure Lighting LLC

Cure Lighting LLC (previously defined as "Cure Lighting") is the owner and operator of the ecommerce website at <curelighting.com>. The website identifies Cure Lighting's address as 4075 Miller Rd, Flint Michigan 48507. Defendant is using this address as a "virtual office" location but has no physical presence there and is likely based in China. (Compl. ¶ 13.)

The Cure Lighting website is an interactive website on which Cure Lighting uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Cure Lighting ships its infringing products to the United States including consumers in the State of California, including this District. Cure Lighting also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 39.)

### ix.    Defendant Clouds Lights

Defendant Clouds Lights is the owner and operator of the ecommerce website at <cloudslights.com>. This website identifies Clouds Lights' address as 418 Broadway, Suite R, Albany, NY 12201. Defendant is using this address as a "virtual office" location but has no physical presence there and is likely based in China. (Compl. ¶ 14.)

Upon information and belief, Clouds Lights is also the owner and operator of the ecommerce website <cloudslamps.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Clouds Lights websites are interactive websites on which Clouds Lights uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Clouds Lights ships its infringing products to the United States including consumers in the State of California, including this District. Clouds Lights also utilizes California-based service providers,

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

including payment providers and processors (such as PayPal), to support its infringing conduct directed to the State of California. (Compl. ¶ 40.)

### x. Defendant Kushigo Limited d/b/a Eric Light, and Emma Lighting

Upon information and belief, Defendant Kushigo Limited, doing business as Eric Light, and Emma Lighting, is the owner and operator of the ecommerce websites at <ericlightus.com> and <emmalighting.com>. The websites list the Kushigo Limited's address at 304, Horgans Quay, T23 E6TD, Cork, Ireland. Kushigo Limited is using this address as a "virtual office" location but has no physical presence there and is likely based in China. (Defendant Kushigo may be referred to as "Eric Light" or "Emma Lighting" to distinguish between these businesses and their websites even though they have the same owner and operator.) (Compl. ¶ 15.)

Upon information and belief, Kushigo Limited is also the owner and operator of the ecommerce websites at <ericlights.com> and <emmalightings.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Eric Light and Emma Lighting websites are interactive websites on which Kushigo Limited uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Kushigo Limited ships its infringing products to the United States including consumers in the State of California, including this District. Kushigo Limited also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 41.)

### xi. Defendant Lighting Forever

Defendant Lighting Forever is the owner and operator of the website at <lighting-forever.com>. Lighting Forever is likely based in China. (Compl. ¶ 16.)

The Lighting Forever website is an interactive website on which Lighting Forever uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Lighting Forever

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

1    ships its infringing products to the United States including consumers in the State of

2    California, including this District. Lighting Forever also utilizes California-based service

3    providers, including payment providers and processors, to support its infringing conduct

4    directed to the State of California. (Compl. ¶ 42.)

5                    **xii.    Defendant Zhongshan Reborn Lighting Co. Ltd.**

6         Defendant Zhongshan Reborn Lighting Co. Ltd. (previously defined Reborn

7    Lighting) is based in China at No 25, Jinxing First Street, Henglan, Zhongshan, China.

8    Reborn Lighting owns and operates the ecommerce website at <rebornlighting.com>.

9    (Compl. ¶ 18.)

10        The Reborn Lighting website is an interactive website on which Reborn Lighting

11   uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of

12   RH products to consumers in the State of California, including this District. Reborn Lighting

13   ships its infringing products to the United States including consumers in the State of

14   California, including this District. (Compl. ¶ 44.)

15                        **xiii.    Defendant Showsun Lighting**

16        Defendant Showsun Lighting is based in China at Building A, No 1, Tongfu South

17   Road, Tongyi Industry District, Guzhen Town, Zhongshan City, Guangdong Province,

18   China 528421. Showsun Lighting is the owner and operator of the ecommerce website at

19   <showsunlights.com>. (Compl. ¶ 19.)

20        The Showsun Lighting website is an interactive website on which Showsun Lighting

21   uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of

22   RH products to consumers in the State of California, including this District. Showsun

23   Lighting ships its infringing products to the United States including consumers in the State

24   of California, including this District. Showsun Lighting also utilizes California-based service

25   providers, including payment providers and processors, to support its infringing conduct

26   directed to the State of California. (Compl. ¶ 45.)

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

### xiv. Defendant Sunny Wang

Sunny Wang is identified as the contact for Showsun Lighting on <showsunlights.com>. (Compl. ¶ 20.)

### xv. Defendant Jinhua Sigma Industrial & Trading Co., Ltd.

Defendant Jinhua Sigma Industrial & Trading Co., Ltd. (previously defined as "Sigma Living") is a company formed under the laws of China and is based in China at Bldg. 1, Zhuma Industry Park, Wucheng Dist., Jinhua, Zhejiang, China. Sigma Living owns and operates the ecommerce website at <jhsigmafurniture.com> and operates the Alibaba storefront at <cnsigma.en.alibaba.com>. (Compl. ¶ 21.)

Upon information and belief, Sigma Living also operates the Alibaba storefronts at <Sigmafurniture.en.alibaba.com> and <Sigmaliving.en.alibaba.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Sigma Living website is an interactive website on which Sigma Living uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Sigma Living ships its infringing products to the United States including consumers in the State of California, including this District. Sigma Living also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 46.)

### xvi. Defendant Ineffable Lighting

Defendant Ineffable Lighting is the owner and operator of the website <ineffablelighting.com>. Ineffable Lighting is likely based in China. (Compl. ¶ 23.)

Upon information and belief, Ineffable Lighting is also the owner and operator of the website at <ineffable-lighting.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Ineffable Lighting websites are interactive websites on which Ineffable Lighting uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Ineffable

1    Lighting ships its infringing products to the United States including consumers in the State

2    of California, including this District. Ineffable Lighting also utilizes California-based service

3    providers, including payment providers and processors, to support its infringing conduct

4    directed to the State of California. (Compl. ¶ 48.)

5                              **xvii.     Nimo LLC**

6           Nimo LLC (previously defined as "Zenduce") is the owner and operator of the

7    ecommerce website at <zenduce.com>. The website identifies Nimo LLC's address as 30

8    N Gould St, Suite R, Sheridan, WY 82801. Defendant is using this address as a "virtual

9    office" location but has no physical presence there and is likely based in China. (Compl. ¶

10   25.)

11          The Zenduce website is an interactive website on which Zenduce uses RH's

12   copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH

13   products to consumers in the State of California, including this District. Zenduce ships its

14   infringing products to the United States including consumers in the State of California,

15   including this District. Zenduce also utilizes California-based service providers, including

16   payment providers and processors (including PayPal), to support its infringing conduct

17   directed to the State of California. (Compl. ¶ 50.)

18                        **xviii.     Defendant Oclolli Limited d/b/a Mooni Lighting**

19          Defendant Oclolli Limited, doing business as Mooni Lighting, (previously defined as

20   "Mooni Lighting") is the owner and operator of the ecommerce website at

21   <moonilighting.com>. The website lists the Oclolli Limited's address as 108, Cube Building,

22   Monahan Road, Cork, T12 H1XY, Ireland. Defendant is using this address as a "virtual

23   office" location but has no physical presence there and is likely based in China. (Compl. ¶

24   27.)

25          The Mooni Lighting website is an interactive website on which Mooni Lighting uses

26   RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH

27   products to consumers in the State of California, including this District. Mooni Lighting ships

28

14

its infringing products to the United States including consumers in the State of California, including this District. Mooni Lighting also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 52.)

### xix.    Defendant Kevin Studio

Upon information and belief, Defendant Kevin Studio (previously defined as "Kevin Studio") is the owner and operator of the ecommerce website at <kevinstudioinc.com>. The website lists Kevin Studio's address in Zhongshan, China. (Compl. ¶ 28.)

Upon information and belief, Kevin Studio is also the owner and operator of the ecommerce website <kevinstudiolives.com>. (Zhong Decl. ¶ 9, ECF No. 44-1.)

The Kevin Studio websites are interactive websites on which Kevin Studio uses RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Kevin Studio ships its infringing products to the United States including consumers in the State of California, including this District. Kevin Studio also utilizes California-based service providers, including payment providers and processors, to support its infringing conduct directed to the State of California. (Compl. ¶ 53.)

### b.    Analysis

This Court has specific personal jurisdiction over the Defendants under the analysis set forth under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004*).*  The test contains three elements:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

15

*Id.*   If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*  The plaintiff can establish the first prong of the test through showing defendant purposefully directed his activities toward California.  *Id.*  This showing can be made through the three-part "effects" test, which requires that defendant to have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.  *Id.* at 803 (citation omitted).

Here, the first prong of the specific jurisdiction test is met.   Defendants are intentionally using interactive websites and store fronts displaying RH's copyrighted photographs and RH trademarks to advertise and sell knockoffs of RH products to consumers in the State of California, including this District. Defendants ship their infringing products to the United States including consumers in the State of California, including this District. Defendants also utilizes California-based service providers, including payment providers and processors, to support their infringing conduct directed to the State of California. (Compl. ¶¶ 32-42, 44-46, 48, 50, 52-53.)   Upon information and belief, Defendants used the RH's copyrighted photographs and RH trademarks with the knowledge that Plaintiffs are located in California and that Plaintiffs would likely suffer injury or harm resulting from the infringement in California. (Compl. ¶¶ 114, 120 and 124).

The second prong of the specific jurisdiction test has also been met as RH's claim arises out of such conduct and activities.

As RH has satisfied the first two prongs, and Defendants have not made a compelling case of unreasonableness as they are in default, the exercise of personal jurisdiction is proper.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### iii.    Service of Process

RH served Defendants with a copy of the Complaint, in accordance with the Court's March 6, 2023, Order (ECF No. 09) on May 5, 2023.  The Complaint was served on Defendants again on May 25, 2023. (ECF No. 26.)

RH served Defendants with a copy of the Summons (ECF No. 27), in accordance with the Court's March 6, 2023, Order (ECF No. 09) and May 24, 2023, Order (ECF No. 23), on May 31, 2023. (ECF No. 28.)

Defendants have not appeared[2] or answered the Complaint.  (*See, generally*, Docket.)  The Clerk of the Court entered a default against Defendants on August 29, 2023. (ECF No. 42).

### B.    Application to the Case at Bar

#### i.    RH Would Be Prejudiced If the Motion for Default Judgment Was Denied

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendants failed to appear and defend against this action. In the absence of a default judgment, RH will suffer prejudice because they will not be allowed to litigate their claim and will be effectively denied all relief. *See, e.g., O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, at *11 (D. Nev. Sept. 9, 2010) ("Villamor has failed to appear and defend this suit, delaying the judicial process. Without a default judgment[,] the United States cannot have a final resolution of its tax claims, and thus will suffer prejudice."); *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 U.S. Dist. LEXIS 1786, at *14 (N.D. Cal. Feb. 13, 1996) ("[P]laintiff has made good faith efforts to negotiate with defendant to settle the case, and has had to expend

---

[2] Defendant Nimo, LLC filed a Notice of Appearance (ECF No. 18) and Corporate Disclosure and Certification of Interested Parties (ECF No. 19) on May 15, 2023; however, Nimo, LLC has not filed an answer to the Complaint.  The Clerk's Notice of Entry of Default (ECF No. 42) entered August 29, 2023, includes Nimo, LLC as the operator of the website zenduce.com.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

more time, effort, and money in order to recover the money that plaintiff has lost. Defendant's history of evasive tactics and willful disregard of this action leaves this Court with great pessimism as to defendant's ability to cooperate with the plaintiff should relief be denied."). This factor weighs in favor of judgment by default.

### ii.    The Copyright And Trademark Claims Are All Meritorious

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8; *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978).

In this case, RH brought claims for copyright infringement, trademark infringement, and unfair competition under California state law. All of these claims have merit, as demonstrated by the previously issued preliminary injunction against Defendants. (ECF Nos. 34.) These are discussed here again.

To prevail on its copyright infringement claims (Count I), RH must (1) show ownership of the copyrights, and (2) a violation of at least one exclusive right under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). RH can satisfy both requirements. First, the Copyright Office has issued certificates of registration for RH source books and website that include the RH Copyrighted Works shown in Exhibit A of the Complaint. (*See* Compl., Ex. A.) Registration creates a presumption of copyright validity and ownership. *See* 17 U.S.C. § 410(c). Second, all of the Defendants have directly infringed RH's copyrights, as evidenced by the allegations, side-by-side images, and lengthy exhibits detailing Defendants' copying of RH's Copyrighted Works. (*See* Compl. ¶¶ 61-104, & Ex. C.)

To prevail on a claim for trademark infringement under the Lanham Act (Count II), RH must show ownership of the RH Marks and that Defendants' use of the marks or marks similar thereto is likely to cause confusion, or to cause mistake, or to deceive. *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (*quoting KP Permanent Make–Up,*

1    *Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)); *GoTo.com, Inc. v.*

2    *Walt Disney Co.*, 202 F.3d 1199, 1204 n.3 (9th Cir. 2000) (quotation omitted). *See also* 15

3    U.S.C. §§ 1114, 1125(a).

4          Here, RH owns the RH Marks based on its prior use of the RH Marks in commerce,

5    as well as its federal trademark registrations for the RESTORATION HARDWARE mark.

6    RH began using each of the RH Marks prior to Defendants' first use. (Compl. ¶¶ 60, 117 &

7    Ex. B (showing the date of first use for each of the RH Marks).) Furthermore, Defendants'

8    use of the RH Marks is likely to cause confusion as alleged and as shown in side-by-side

9    comparisons of the usage of the marks by Defendants demonstrating the near identical

10   use of the RH Marks (sometimes, alongside use of RH's copyrighted photographs).

11   (Compl. ¶ 61-104 & Ex. D.) As for RH's parallel claim for unfair competition under California

12   state law (Count III), the Ninth Circuit "has consistently held that state common law claims

13   of unfair competition and actions pursuant to California Business and Professions Code §

14   17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News*

15   *Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). "Under both, the ultimate test is whether the

16   public is likely to be deceived or confused by the similarity of the marks." *Acad. of Motion*

17   *Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir.

18   1991) (internal quotation marks omitted).

19         In sum, RH has alleged *prima facie* claim for all of its claims against Defendants.

20   Therefore, the second and third *Eitel* factors favor entry of a default judgment.

21         **B.    RH Should Be Awarded Statutory Damages**

22         Under the fourth *Eitel* factor, the court considers "the amount of money at stake in

23   relation to the seriousness of Defendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at

24   1176. "If the sum of money at issue is reasonably proportionate to the harm caused by the

25   defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth*

26   *Enters.*, No. 09-01426 MMM (AJWx), 2010 U.S. Dist. LEXIS 79914, at *10-11 (C.D. Cal.

27   July 19, 2010).

28

RH seeks and award of statutory damages under the Copyright Act. Under Section 504(b) of the Copyright Act, RH is entitled to actual damages for copyright infringement. In the alternative, at a copyright plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c)(1). In addition, if the infringement was committed willfully, the statutory damages may increase to $150,000. 17 U.S.C. § 504(c)(2).

Statutory damages "are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). A statutory damages award within the limits prescribed by Congress is appropriate "[e]ven for uninjurious and unprofitable invasions of copyright." *New Form*, 357 Fed. Appx. at 11 (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Unlike actual damages, statutory damages have a punitive purpose "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

In this case, Defendants' infringement is willful. RH alleges Defendants copied hundreds of RH's Copyrighted Works, along with RH Marks, to sell knockoffs of RH's lighting products. (Compl. ¶¶ 61-104 & Exs. C and D.) Nonetheless, RH only asks that the Court award the maximum amount of $30,000 in statutory damages for non-willful infringement per work. Given the small amount RH seeks in comparison to the actual range of statutory damages, this supports entry of default. *See, e.g.*, *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008) (finding that seeking maximum amount of statutory range under non-willful infringement despite the infringement being willful meant the amount of money at stake was "relatively small" and supported entry of default).

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

Because this case involves eleven registered copyrighted works (Compl., Ex. A), the total amount of statutory damages per Defendant[3] should be **$330,000.**

### C.    There Is No Factual Dispute Precluding Entry of Default

The fifth *Eitel* factor considers the possibility of a dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As noted above, upon entry of default, all factual allegations of the Complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Systems*, 826 F.2d at 917-918; *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Given the sufficiency of the Complaint and the fact that RH's allegations must be accepted as true, there can be no dispute of material fact that would preclude default judgment. *See Kloepping*, 1996 U.S. Dist. LEXIS 1786, at *11 ("[P]laintiff's presumptively accurate factual allegations leave little room for dispute. In addition, . . . the Court also notes that defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations."). Accordingly, this factor also weighs in favor of judgment by default.

### D.    Defendants' Failure to Answer Was Not the Result of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants were served the Complaint via the email address they used to conduct business (ECF No. 26), as authorized by the Court (ECF Nos. 9, 23.) For defendants located in foreign countries, courts are permitted to authorize service of process "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

---

[3] For Showsun Lighting, which is defined to include both Showsun Lighting (the company) and Mr. Sunny Wang (the company representative, Compl. ¶ 20), RH seeks only one statutory damages award of $330,000 that will apply them both, jointly and severally liable. *Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*, No. 22-CV-03054-JSC, 2023 WL 2815358, at *8 (N.D. Cal. Apr. 5, 2023) (awarding one statutory damages award for each group of defendants who are jointly and severally liable for the same infringement).

The only requirements under Rule 4(f)(3) are that service be directed by the court and not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Service by email on defendants in China is not barred by any international convention. *See Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017). Additionally, courts in this district have authorized email service and found that it is reasonably calculated to provide notice to foreign defendants, including defendants based in China. *See Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at **2-3 (N.D. Cal. Feb. 17, 2009); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at **1-2 (N.D. Cal. Mar. 27, 2012) (authorizing email service, including in Hong Kong, where defendants operated online and relied on email communications for their businesses); *Cisco Sys.*, 2020 WL 4196273, at **13-14 (authorizing service by email on Chinese companies).

Here, the Defendants provided email addresses on their website for communication and sales. ECF No. 16; *Facebook*, 2012 WL 1038752, at **1-2 (authorizing email service, including in Hong Kong, where defendants operated online and relied on email communications for their businesses). Allowing Plaintiffs to serve Defendants by the Defendants' own preferred method of communication in this case is the most efficient, effective, and fastest way to provide actual notice of this lawsuit, while avoiding irreparable injury and uncertainty. *See Rio Properties*, 284 F.3d at 1018 ("If any method of communication is reasonably calculated to provide RII with notice, surely it is email—the method of communication which RII utilizes and prefers").

Additionally, Defendants were also served with the Court's TRO and preliminary injunction order. (ECF Nos. 26, 35, 39.) Defendants were also served with a copy of RH's application for default judgment. (ECF No. 47.) Given the multiple times Defendants were notified of this case, there is no possibility that Defendants were unaware of this action.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

Defendants' disregard for this litigation was not due to inadvertence or excusable neglect. As such, this factor weighs in favor of default judgment.

**E.    Although the Federal Rules Generally Prefer Decisions on the Merits, Defendants Have Made Decision on the Merits Impossible**

The seventh *Eitel* factor considers the public policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this public policy generally favors a decision on the merits, a default judgment is appropriate where a defendant deliberately neglects to wage a defense, as is the case here. *See PepsiCo*, 238 F. Supp. at 1177 ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible").

Here, as a matter of judicial economy, and in view of the other *Eitel* factors, it makes no sense to drag this litigation out any longer or continue to congest this Court's docket with a case that is not being defended. Under these circumstances, a default judgment is entirely appropriate despite the public policy favoring the resolution of disputes on the merits.

\*\*\*

Application of the various *Eitel* factors to this case mandates default judgment against Defendants.

## IV.    RELIEF SOUGHT

**A.    A Permanent Injunction and Disabling Defendants' Domain Names Should be Ordered**

A party seeking a permanent injunction must establish the following: (1) actual success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008) (citation omitted).

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

1    Here, a permanent injunction to cease infringement of RH's intellectual property

2 rights is warranted because RH has achieved "actual success on the merits" through

3 Defendants' default. Further, RH is likely to suffer irreparable injury because, absent

4 injunctive relief, Defendants' infringement of RH's intellectual property rights is likely to

5 continue and there is simply no other effective remedy to stop the infringement. Moreover,

6 with respect to RH's trademark infringement claim, given RH's success on the claim, RH

7 is entitled to a *presumption* of irreparable harm under the recently enacted Trademark

8 Modernization Act of 2020, 15 U.S.C. § 1116(a). As such, RH seeks a permanent injunction

9 consistent with the previously entered preliminary injunction to enjoin further infringement

10 of RH's intellectual property rights. (*See* ECF Nos. 34 and 38.)

11    Additionally, RH seeks an order to disable the websites and storefronts used to

12 proliferate the infringement of RH's intellectual property because this is the only effective

13 remedy left to RH.

14    Under the Lanham Act, 15 U.S.C. § 1116, the Copyright Act, 17 U.S.C. § 502, and the

15 Court's inherent authority, the Court may order parties to take action to cease infringing.

16 Specifically, the Court has the authority to order that domain names be disabled, which

17 necessarily requires cooperation from domain name registrars, registries, and online third-

18 party websites (like Alibaba). *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-

19 CV-04773-EJD, 2020 WL 5199434, at *12 (N.D. Cal. Aug. 17, 2020) (ordering "Defendants'

20 Domain Names automatically redirect to a website that provides notice of and access to

21 filings in this action or, alternatively, disable such websites"); *D.light Design, Inc. v. Boxin*

22 *Solar Co.*, No. C-13-5988-EMC, 2014 WL 11397885, at *4 (N.D. Cal. Apr. 4, 2014)

23 (granting order to expand preliminary injunction to include order that "the domain name

24 registries . . . temporarily disable these domain names); *Cisco Sys., Inc. v. Shenzhen*

25 *Usource Tech. Co.,* No. 5:20-CV-04773-EJD, 2020 WL 4196273, at *15 (N.D. Cal. July 20,

26 2020) (TRO order ordering "any Internet store or online marketplace platform, including,

27 but not limited to, iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Facebook, and

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

Dhgate (collectively, "eCommerce Websites") shall disable and be restrained from providing any services or payment to any Restrained Party…").

Here, it appears the only effective remedy against Defendants' infringement is to disable the website and storefronts where the infringement is occurring, as has been done in other cases *Chanel Inc. v. Yang*, No. C 12-4428 PJH, 2013 WL 5755217, at *12 (N.D. Cal. Oct. 21, 2013) (ordering domain name Registry to transfer or disable websites used to sell counterfeit goods); *Chanel, Inc. v. US880*, No. C 10-02601 PJH (JSC), 2011 WL 13244270, at *3 (N.D. Cal. July 5, 2011), *report and recommendation adopted*, No. C 10-2601 PJH, 2011 WL 13243838 (N.D. Cal. July 28, 2011) (ordering shutdown of websites used to sell products bearing plaintiff's trademarks).

Indeed, no other remedy is available. The Defendants reside in China and have no presence in the United States. (Compl. ¶¶ 6-28.) Having no domestic presence and no identifiable domestic assets, it will be difficult or impossible for RH to enforce a money judgment against any Defendants in this case. Thus, RH's harm is irreparable because monetary remedies are inadequate, and injunctive relief may be the only type of effective relief that RH will obtain. *Ohio Oil Co. v. Conway*, 279 U.S. 813, 814 (1929) (finding irreparable injury when there was no effective remedy to recover money); *Nike, Inc. v. Fujian Bestwinn (China) Indus. Co.*, 166 F. Supp. 3d 1177, 1179 (D. Nev. 2016) (finding irreparable injury for order for TRO and seizure because 'it may be difficult or impossible for NIKE to recover a money judgment against" a foreign company with no presence in the United States).[4]

---

[4] *See also, Robert Bosch, LLC v. Pylon Mfg. Corp*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 04-32, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds*, 521 F.3d 1351 (Fed. Cir. 2008) (finding irreparable harm where "all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages")); *Bushnell, Inc. v. Brunton Co.*, 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction where "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 256 (S.D.N.Y. 2006) (granting preliminary injunction where defendant was largely based abroad).

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

The balance of harms and the public interest both weigh in RH's favor. RH has expended substantial sums of time and money creating its intellectual property (Compl. ¶ 58), and any harm to Defendants in forcing it to comply with the requirements of the law merits little equitable consideration. Similarly, the public interest lies in favor of upholding intellectual property interests in trademarks and copyright.

Finally, to balance out any possible prejudice to Defendants from having their website/storefront disabled, the Court will allow Defendants to appear at any time before the Court and demonstrate they will comply with the Court's order to cease infringing RH's intellectual property rights. If Defendants show this in a satisfactory manner, the Court will relieve Defendants from that portion of the permanent injunction.

### B. Damages

"Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). An award of statutory damages should "not merely compel[ ] restitution of profit and reparation for injury but also . . . discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). As indicated above, RH seeks statutory damages for $330,000 per Defendant, which the Court will grant.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs shall take judgment against Defendants, and further that:

A. Pursuant to 17 U.S.C. § 504, each Defendant group (1) Alimia Light as the operator of the websites at <alimialight.com>, <puslighting.com>, and <alimialighting.com> ("Alimia Light"); (2) Zhongshan Zhuosai Lighting, Co., Ltd. doing business as "Yami Lighting" and "Pop Lamps" (collectively, "Zhuosai Lighting"); (3) Shanghai ZeroTai Industrial Co. doing business as "Grand Lamps" ("Grand Lamps"); (4) Zhonshan Yuyi Co., Ltd. doing business as Wing Lighting ("Wing Lighting"); (5) Zhongshan

Laiting Lighting Co., Ltd. doing business as Oasis Lamps ("Oasis Lamps"); (6) Zhongshan Momo Lighting Co., Ltd. doing business as Momo ("Momo Chandelier"); (7) Fanci Light as the operator of the websites at <fancilight.com> and <fancilighting.com> ("Fanci Light"); (8) Cure Lighting, LLC ("Cure Lighting"); (9) Clouds Lights ("Clouds Lights"); (10) Kushigo Limited doing business as "Eric Light" and "Emma Lighting" (collectively, "Kushigo Limited"); (11) Lighting Forever as the operator of the website <lighting-forever.com> ("Lighting Forever"); (12) Zhongshan Reborn Lighting Co., Ltd. ("Reborn"); (13) Showsun Lighting and Sunny Wang doing business as "Showsun Lighting" (jointly and severally); (14) Jinhua Sigma Industrial & Trading Co., Ltd. ("Sigma Living"); (15) Ineffable Lighting as the operator of the websites <ineffablelighting.com> and <ineffable-lighting.com> ("Ineffable Lighting"); (16) Nimo LLC as the operator of the website <zenduce.com> ("Zenduce"); (17) Oclolli Limited doing business as "Mooni Lighting" ("Oclolli"); and (18) Kevin Studio, the operator of the websites <kevinstudioinc.com> and <kevinstudiolives.com> ("Kevin Studio") is hereby ordered to pay to Plaintiffs statutory damages in the amount of **$330,000.00.**

B.    The Court hereby orders PayPal, Inc. to release any money contained in the following PayPal accounts to Plaintiffs in partial satisfaction of the aforementioned judgment:

1.    The account previously frozen by the Court for Defendant Nimo LLC using the support@zenduce.com email account.

C.    The Court permanently enjoins each of the Defendants and their respective officers, agents, servants, employees and all persons acting in active concert and participation with them from:

1.    Copying, distributing, or publicly displaying any of the RH Copyrighted Works, including removal or disabling of all website links identified in Exhibit A to Zhong Decl. [ECF No. 44-2]; and

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

2.      Using any of the RH Marks, or any marks confusingly similar thereto, in commerce in connection with the manufacturing for sale, or sale of any lighting products, including removal or disabling of all website links identified in Exhibit B to Zhong Decl [ECF No. 44-3].

D.      ORDERED that within three business (3) days of receipt of this Order, the following registrars and the registry Verisign, Inc. for the following domain names are to disable these domain names, through a registry hold or otherwise, and make them inactive and non-transferable pending further order of the Court:

| Domain Name | Registrar |
|---|---|
| Alimialight.com | eName Technology Co., Ltd. |
| Puslighting.com | Hong Kong Juming Network Technology Co., Ltd. |
| Alimialighting.com | eName Technology Co., Ltd. |
| Yami-lighting.com | Alibaba Cloud Computing (Beijing) Co., Ltd. |
| Yamilightings.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Grandlamps.com | eName Technology Co., Ltd. |
| Winglightings.com | NameSilo, LLC |
| Wing-lighting.com | NameCheap, Inc. |
| Oasislamps.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Oasislampus.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Momochandelier.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Poplamps.com | GoDaddy.com, LLC |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

| Domain Name | Registrar |
|---|---|
| Fancilight.com | NameCheap, Inc. |
| Fancilighting.com | NameCheap, Inc. |
| Curelighting.com | NameSilo, LLC |
| Cloudslights.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Cloudslamps.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Ericlightus.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Ericlights.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Emmalighting.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Emmalightings.com | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Lighting-forever.com | Hosting Concepts B.V. d/b/a Registrar.eu |
| Rebornlighting.com | FastDomain Inc. |
| Showsunlights.com | Xin Net Technology Corporation |
| JHSigmafurniture.com | Alibaba Cloud Computing Ltd. d/b/a HiChina |
| Ineffablelighting.com | NameSilo, LLC |
| Ineffable-lighting.com | NameCheap, Inc. |
| Zenduce.com | IONOS SE |
| Moonilighting.com | Hostinger, UAB |
| Kevinstudioinc.com | NameCheap, Inc. |
| Kevinstudiolives.com | NameCheap, Inc. |

E.     ORDERED that within three business (3) days of receipt of this Order, the
following Internet store or online marketplace platforms shall remove or

29

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2

disable all website links identified in Exhibits A and B to Zhong Decl. that appear on their platform for the following Defendants' online marketplaces, or remove or disable the storefront:

| Defendants' Online Marketplace | Internet Store/Online Marketplace Platform |
|---|---|
| cnsigma.en.alibaba.com sigmafurniture.en.alibaba.com sigmaliving.en.alibaba.com | Alibaba.com Singapore E-Commerce Private Limited |
| momolight.en.alibaba.com | Alibaba.com Singapore E-Commerce Private Limited |

F.  ORDERED that, upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the disabling of Defendants' domain names and online marketplaces; and it is further

G.  ORDERED that, where a third party is herein ordered to take any action, the third party may, upon giving notice to Plaintiffs' counsel, seek relief from the Order applicable to said third party in whole or in part by filing an appropriate motion with this Court (and, upon application, any such motion may be heard on shortened time if so ordered); and it is finally

H.  ORDERED that Plaintiffs shall serve this Order on each Defendant via email in accordance with ECF No. 23 (TRO), and that upon such notice shall immediately file a proof of service certifying service and describing the means of service. Defendants are thereby given notice they shall be deemed to have actual notice of the issuance and terms of this Order and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

I.  This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment and

30

1                   Permanent Injunction, the enforcement thereof, and/or punishment for any

2                   violations thereof.

3       J.      The bond previously posted by RH for securing the TRO and preliminary

4                   injunction is released.  The Clerk of Court shall disburse Plaintiffs' bond in the

5                   amount of \$10,000 (ECF No. 48), along with any accrued interest less the

6                   Court's registry fee to Plaintiffs' counsel, Lewis Roca Rothgerber Christie,

7                   LLP, 100 Pine Street, Suite 1750, San Francisco, CA 94111.

8                                       **IT IS SO ORDERED:**

9

10                                   _____

11                                     UNITED STATES MAGISTRATE JUDGE

12                                     DATED: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
123956219.2