Michael J. McCue (SBN: 296425)
Meng Zhong (SBN: 344124)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
100 Pine Street, Suite 1750
San Francisco, CA 94111
Tel.: 650.391.1380
MMcCue@LewisRoca.com
MZhong@LewisRoca.com

*Attorneys for Plaintiffs Restoration Hardware, Inc. and RH US, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation; and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>v.<br><br>ALIMIA LIGHT, a Chinese entity; ZHONGSHAN ZHUOSAI LIGHTING, CO., LTD., a Chinese entity; SHANGHAI ZEROTAI INDUSTRIAL CO., a Chinese entity; ZHONSHAN YUYI CO., LTD., a Chinese entity; ZHONGSHAN LAITING LIGHTING CO., LTD., a Chinese entity; ZHONGSHAN MOMO LIGHTING CO., LTD., a Chinese entity; FANCI LIGHT, a Chinese entity; CURE LIGHTING, LLC, a Chinese entity; CLOUDS LIGHTS, a Chinese entity; KUSHIGO LIMITED, a Chinese entity; LIGHTING FOREVER, a Chinese entity; HURLEY LIGHT, a Chinese entity; ZHONGSHAN REBORN LIGHTING CO. LTD., a Chinese entity; SHOWSUN LIGHTING, a Chinese entity; SUNNY WANG, an individual residing in China; JINHUA SIGMA INDUSTRIAL & TRADING CO., LTD., a Chinese entity; DYCO DÉCOR, a Chinese entity; INEFFABLE LIGHTING, a Chinese entity; DEKORFINE, a Chinese entity; NIMO LLC, a Wyoming LLC; Dysatu Lighting Co., LTD., a Chinese entity; and OCLOLLI LIMITED, a Chinese entity; Kevin Studio, a Chinese entity; and DOES 1-10,<br><br>Defendants. | Case No.  4:23-cv-00948-HSG (KAW)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Hearing Date: June 20, 2024<br>Hearing Time: 1:30 p.m. |

124385893.1

Pursuant to the Order Continuing Hearing and Requiring Supplemental Briefing Re Statutory Damages and Amended Proposed Order (ECF No. 50), Plaintiffs Restoration Hardware Inc. and RH US LLC (collectively, "RH") hereby submit their supplement in support of Plaintiffs' Motion for Default Judgment ("Motion") (ECF No. 44). This Supplement is based on the Memorandum of Points and Authorities below, the Complaint (ECF No. 1) and all other papers and pleadings on file in this case, and such additional arguments and evidence as may be presented at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court ordered RH to address the individual liability and provide damages calculations for each Defendant. In its Motion, RH sought $330,000 in statutory damages per defendant based infringement of the 11 copyrighted works alleged in the Complaint, liability for which are taken as true in the context of the Motion for Default. (Mot. at 9 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Since the Defendants are apparently based in China, it is highly unlikely that RH would be able to recover any damages from them, let alone $330,000. Given the volume of evidence (more than 1,000 pages of exhibits), it would be time-consuming and expensive for RH to link each Defendant to each of the 11 copyright registrations at issue.

Therefore, to avoid incurring this expense and to streamline its proof of damages for each Defendant, RH will reduce its damages request to statutory damages of $30,000 based only on the specific examples of infringement listed in the Exhibits to the Complaint. To aid the Court's analysis, the excerpts to the Complaint referenced in this supplement are attached as exhibits to the concurrently filed Declaration Of Meng Zhong In Support Of Plaintiffs' Supplemental Brief In Support Of Motion For Default Judgment ("Zhong Decl.").

I.   **Standard for Review**

Federal Rule of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)-(2). Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c)(1). In addition, if the infringement was committed willfully, the statutory damages may increase to $150,000. 17 U.S.C. § 504(c)(2).

Statutory damages "are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008).

II.   **Alimia Lights' Infringement of RH's Intellectual Property Rights**

Alimia Lights willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <alimialight.com> (Compl. ¶ 61). Three specific instances of infringement were alleged in the Complaint:

   a.   RH's photograph of its Arcachon Led Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

/ / /

  b. RH's photograph of its Lambeth Knurled Grand Sconce by artisan Jonathan Browning infringing on RH's copyright of RH.com website (Fall 2019), Registration No. 2-195-419; and

  c. RH's photograph of its Fulcrum Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 6, Exhibit A to Zhong Decl.)

  In light of Alimia Lights' infringement of two copyrighted works (two registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

  This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *See, e.g.*, *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008) (finding that seeking maximum amount of statutory range under non-willful infringement despite the infringement being willful meant the amount of money at stake was "relatively small" and supported entry of default).

**III. Zhongshan Zhuosai Lighting, Co., Ltd.'s, doing business as "Yami Lighting" and "Pop Lamps" ("Zhuosai Lighting"), Infringement of RH's Intellectual Property Rights**

  Zhuosai Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <yami-lighting.com> and <poplamps.com> (Compl. ¶ 63). Six specific instances of infringement were alleged in the Complaint:

  a. RH's photograph of its Rain Rectangular Chandelier by artisan Alison Berger infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

/ / /

/ / /

3
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
CASE NO.: 4:23-cv-00948-HSG
124385893.1

  b. RH's photograph of its Emile Round Chandelier by artisan Adam Grant infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419; and

  c. RH's photograph of its Boule De Cristal Clear Glass Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

  d. RH's photograph of its Pauillac Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

  e. RH's photograph of its Éclatant Grand Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654; and

  f. RH's photograph of its Ravelle Sconce by artisan Ian K. Fowler infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419.

(*See* Compl. ECF No. 1-4 at 18-20 and 58-59, Exhibit B to Zhong Decl.)

In light of Zhuosai Lighting's infringement of two copyrighted works (two registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

**IV. Shanghai ZeroTai Industrial Co.'s, doing business as "Grand Lamps" ("Grand Lamps"), Infringement of RH's Intellectual Property Rights**

Grand Lamps willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <grandlamps.com> (Compl. ¶ 65). Three specific instances of infringement are were

alleged in the Complaint:

  a. RH's photograph of its Crystal Halo Clear Round Led Chandelier infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

  b. RH's photograph of its Savile Rectangular Linear Sconce by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654; and

  c. RH's photograph of its Ravelle Sconce by artisan Ian K. Fowler infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419.

(*See* Compl. ECF No. 1-4 at 28-30, Exhibit C to Zhong Decl.)

In light of Grand Lamps' infringement of two copyrighted works (two registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

**V. Zhonshan Yuyi Co., Ltd.'s, doing business as Wing Lighting ("Wing Lighting"), Infringement of RH's Intellectual Property Rights**

Wing Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <winglightings.com> (Compl. ¶ 67). Three specific instances of infringement were alleged in the Complaint:

  a. RH's photograph of its Arcachon Led Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

  b. RH's photograph of its Pearl Sconce by artisan Alison Berger infringing

on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

      c.    RH's photograph of its Éclatant Grand Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 37-38, Exhibit D to Zhong Decl.)

In light of Wing Lighting's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

**VI.  Zhongshan Laiting Lighting Co., Ltd.'s, doing business as Oasis Lamps ("Oasis Lamps"), Infringement of RH's Intellectual Property Rights**

Oasis Lamps willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <oasislamps.com> (Compl. ¶ 69). Three specific instances of infringement were alleged in the Complaint:

      a.    RH's photograph of its Pearl Double Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

      b.    RH's photograph of its Lambeth Hexagonal Sconce by artisan Jonathan Browning infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419; and

      c.    RH's photograph of its Fulcrum Pendant by artisan Alison Berger infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654.

(*See* Compl. ECF No. 1-4 at 46-47, Exhibit E to Zhong Decl.)

In light of Oasis Lamps' infringement of two copyrighted works (two registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### VII. Zhongshan Momo Lighting Co., Ltd.'s, doing business as Momo ("Momo Chandelier"), Infringement of RH's Intellectual Property Rights

Momo Chandelier willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <momochandelier.com> and <momolight.en.alibaba.com> (Compl. ¶ 71). Three specific instances of infringement were alleged in the Complaint

    a.    RH's photograph of its Arcachon Led Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

    b.    RH's photograph of its Boule De Cristal Clear Glass Linear Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654; and

    c.    RH's photograph of its Crystal Halo Clear Round Led Chandelier infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654.

(*See* Compl. ECF No. 1-4 at 64-65, Exhibit F to Zhong Decl.)

In light of Momo Chandelier's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the

non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### VIII. Fanci Light's Infringement of RH's Intellectual Property Rights

Fanci Light willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <fancilight.com> (Compl. ¶ 73). Three specific instances of infringement were alleged in the Complaint:

    a.    RH's photograph of its Rain Rectangular Chandelier by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

    b.    RH's photograph of its Pearl Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

    c.    RH's photograph of its Boule De Cristal Clear Glass Linear Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 211-12, Exhibit G to Zhong Decl.)

In light of Fanci Light's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### IX. Cure Lighting, LLC's ("Cure Lighting") Infringement of RH's Intellectual Property Rights

Cure Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <curelighting.com> (Compl. ¶ 75). Three specific instances of infringement were

alleged in the Complaint:

    a.    RH's photograph of its Arcachon Led Round Two-Tier Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

    b.    RH's photograph of its Fulcrum Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

    c.    RH's photograph of its Arpège Cylinder Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 223-24, Exhibit H to Zhong Decl.)

In light of Cure Lighting's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### X. Clouds Lights' Infringement of RH's Intellectual Property Rights

Clouds Lights willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <cloudslights.com> (Compl. ¶ 77). Three specific instances of infringement were alleged in the Complaint:

    a.    RH's photograph of its Pearl Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

    b.    RH's photograph of its Marbuzet Linear Sconce by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

c.  RH's photograph of its Éclatant Grand Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 232-34, Exhibit I to Zhong Decl.)

In light of Clouds Lights' infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

## XI. Kushigo Limited's, doing business as "Eric Light" and "Emma Lighting" (collectively, "Kushigo Limited"), Infringement of RH's Intellectual Property Rights

Kushigo Limited willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <ericlightus.com> and <emmalighting.com> (Compl. ¶ 79). Six specific instances of infringement were alleged in the Complaint:

a.  RH's photograph of its Éclatant Grand Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

b.  RH's photograph of its Arcachon Led Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

c.  RH's photograph of its Pearl Triple Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

d.  RH's photograph of its Harlow Crystal Sconce infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419;

e.     RH's photograph of its Emile Round Chandelier by artisan Adam Grant infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419; and

f.      RH's photograph of its Éclatant Grand Pendant by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 248-50 and 264-265, Exhibit J to Zhong Decl.)

In light of Kushigo Limited's infringement of three copyrighted works (three registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $90,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

**XII.    Lighting Forever's Infringement of RH's Intellectual Property Rights**

Lighting Forever willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <lighting-forever.com> (Compl. ¶ 81). Three specific instances of infringement were alleged in the Complaint:

a.     RH's photograph of its Lambeth Knurled Grand Sconce by artisan Jonathan Browning infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419;

b.     RH's photograph of its Crystal Halo Clear Round Led Chandelier infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

c.     RH's photograph of its Arcachon Led Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 258-59, Exhibit K to Zhong Decl.)

In light of Lighting Forever's infringement of two copyrighted works (two copyright registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### XIII. Zhongshan Reborn Lighting Co., Ltd.'s ("Reborn Lighting") Infringement of RH's Intellectual Property Rights

Reborn Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <rebornlighting.com> (Compl. ¶ 85). Three specific instances of infringement were alleged in the Complaint:

a. RH's photograph of its Boule De Cristal Clear Glass Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

b. RH's photograph of its Emile Round Chandelier by artisan Adam Grant infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419; and

c. RH's photograph of its Crystal Halo Clear Round Led Chandelier infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654.

(*See* Compl. ECF No. 1-4 at 285-86, Exhibit L to Zhong Decl.)

In light of Reborn Lighting's infringement of three copyrighted works (three registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $90,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### XIV. Showsun Lighting's and Sunny Wang's, doing business as "Showsun Lighting" (collectively, "Showsun Lighting") Infringement of RH's Intellectual Property Rights

Showsun Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <showsunlights.com> (Compl. ¶ 87). Three specific instances of infringement were alleged in the Complaint:

a. RH's photograph of its Crystal Halo Clear Round Led Chandelier infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654;

b. RH's photograph of its Arcachon Led Round Two-Tier Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022) Registration No. VA 2-315-654; and

c. RH's photograph of its Emile Round Chandelier by artisan Adam Grant infringing on RH's copyright of RH.com web site (Fall 2019) Registration No. VA 2-195-419.

(*See* Compl. ECF No. 1-4 at 295-96, Exhibit M to Zhong Decl.)

In light of Showsun Lighting's infringement of two copyrighted works (two registrations), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $60,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

/ / /

/ / /

### XV. Jinhua Sigma Industrial & Trading Co., Ltd.'s ("Sigma Living") Infringement of RH's Intellectual Property Rights

Sigma Living willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <jhsigmafurniture.com> and <cnsigma.en.alibaba.com> (Compl. ¶ 89). Two specific instances of infringement are alleged below:

a. RH's photograph of its Rain Rectangular Chandelier by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

b. RH's photograph of its Rain Round Chandelier by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 311-12, Exhibit N to Zhong Decl.)

In light of Sigma Living's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of 30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### XVI. Ineffable Lighting's Infringement of RH's Intellectual Property Rights

Ineffable Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <ineffablelighting.com> (Compl. ¶ 93). Three specific instances of infringement were alleged in the Complaint:

a. RH's photograph of its Boule De Cristal Clear Glass Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

b. RH's photograph of its Pearl Double Sconce by artisan Alison Berger

infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

  c. RH's photograph of its Arcachon Led Round Two-Tier Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 564-65, Exhibit O to Zhong Decl.)

In light of Ineffable Lighting's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

**XVII. Nimo LLC's, as the operator of the website <zenduce.com> ("Zenduce") Infringement of RH's Intellectual Property Rights**

Zenduce willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <zenduce.com> (Compl. ¶ 97). Two specific instances of infringement are alleged in the Complaint:

  a. RH's photograph of its Rain Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

  b. RH's photograph of its Fulcrum Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 577-78, Exhibit P to Zhong Decl.)

In light of Zenduce's infringement of one copyrighted work (one registration), Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the

non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### XVIII. Oclolli Limited's, doing business as "Mooni Lighting", ("Mooni Lighting") Infringement of RH's Intellectual Property Rights

Mooni Lighting willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <moonilighting.com> (Compl. ¶ 101). Three specific instances of infringement were alleged in the Complaint:

a. RH's photograph of its Pearl Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

b. RH's photograph of its Pauillac Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

c. RH's photograph of its Arcachon Led Round Two-Tier Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 582-83, Exhibit Q to Zhong Decl.)

In light of Mooni Lighting's infringement of one copyrighted work, Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

### XIX.   Kevin Studio's Infringement of RH's Intellectual Property Rights

Kevin Studio willfully committed copyright infringement (Compl. ¶ 113) against RH copyrighted photographs to sell knockoffs of RH lighting products on <kevinstudioinc.com> (Compl. ¶ 103). Three specific instances of infringement were alleged in the Complaint:

      a.    RH's photograph of its Pearl Sconce by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977;

      b.    RH's photograph of its Boule De Cristal Clear Glass Round Chandelier by artisan Jonathan Browning infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977; and

      c.    RH's photograph of its Rain Round Chandelier by artisan Alison Berger infringing on RH's copyright of RH.com website (2022), Registration No. VA 2-298-977.

(*See* Compl. ECF No. 1-4 at 589-90, Exhibit R to Zhong Decl.)

In light of Kevin Studio's infringement of one copyrighted work, Plaintiffs seek the maximum statutory damages for non-willful infringement of $30,000 per infringement pursuant to 17 U.S.C. § 504(c)(2), for a total of $30,000.

This request is reasonable given RH seeks statutory damages based on the non-willful range despite Defendant's conduct being willful. *Microsoft Corp.*, 549 F. Supp. 2d at 1236.

## XX.  CONCLUSION

The Court should grant RH's motion for default judgment.

Dated: April 19, 2024

By: /s/ Meng Zhong
Michael J. McCue (SBN: 296425)
Meng Zhong (SBN: 344124)
LEWIS ROCA ROTHGERBER CHRISTIE
100 Pine Street, Suite 1750
San Francisco, CA 94111
Tel.: 650.391.1380
MMcCue@LewisRoca.com
MZhong@LewisRoca.com

*Attorneys for Plaintiffs*
*Restoration Hardware, Inc.*
*and RH US, LLC*

# CERTIFICATE OF SERVICE

I, Erin Parcells, hereby certify that I caused a true and accurate copy of Plaintiffs' Supplemental Brief in Support of Motion for Default Judgment to be served upon all remaining Defendants at the email addresses listed in the prior May 24, 2023 Order (ECF No. 23) and as set out below:

| DEFENDANT | SERVICE EMAIL |
|---|---|
| Alimia Light | service@alimialight.com |
| Zhongshan Zhuosai Lighting Co., Ltd. | support@yami-lighting.com support@poplamps.com |
| Grand Lamps | support@grandlamps.com |
| Wing Lighting | support@winglightings.com |
| Oasis Lamps | support@oasislamps.com |
| Momo Chandelier | monet@momochandelier.com |
| Fanci Light | support@fancilight.com |
| Cure Lighting | support@curelighting.com |
| Clouds Lights | support@cloudslights.com |
| Kushigo Limited | support@ericlightus.com support@emmalighting.com |
| Lighting Forever | info@lighting-forever.com |
| Reborn Lighting | sales@rebornlighting.com |
| Showsun Lighting | sales@showsunlighting.com |
| Sigma Living | info@jhsigma.com |
| | |
| Ineffable Lighting | support@ineffablelighting.com |
| Zenduce | support@zenduce.com |
| Mooni Lighting | sales@moonilighting.com |
| Kevin Studio | support@kevinstudioinc.com |

Dated this 19th day of April, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

 /s/ Erin Parcells
An employee of Lewis Roca Rothgerber Christie LLP