1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    RESTORATION HARDWARE, INC., et          Case No.  23-cv-00948-HSG   (KAW)
     al.,
8
                    Plaintiffs,               **SECOND ORDER REQUIRING**
9                                             **SUPPLEMENTAL BRIEFING**
            v.
10                                            Re: Dkt. No. 44
     ALIMIA LIGHT, et al.,
11
                    Defendants.
12

13          On January 2, 2024, Plaintiffs Restoration Hardware, Inc. and RH US, LLC filed a motion

14   for default judgment.  (Pl.'s Mot. for Default J., Dkt. No. 44.)  The Court requires further

15   supplemental briefing as to the following:

16          **First**, Plaintiffs assert that individual Defendant Sunny Wang is "the contact for Showsun

17   Lighting."  (Compl. ¶ 20.)  This is the only fact specific to Defendant Wang.  Plaintiffs, however,

18   fail to explain how this is sufficient to create liability as to Defendant Wang.  The Court therefore

19   requires further factual information and/or legal authority as to why Defendant Wang can be held

20   liable for infringement and be personally liable for statutory penalties.

21          **Second**, in the motion and proposed order, Plaintiffs seek to enjoin new websites and

22   storefronts that are not listed in the complaint.  (Pl.'s Mot. for Default J. at 13; Proposed Order at

23   41-43, Dkt. No. 53.)  Plaintiffs, however, have not provided sufficient information to demonstrate

24   that Defendants operate the new websites, apart from Defendant Amilia Light's operation of

25   puslighting.com.  (*See* Zhong Decl. ¶ 9, Exh. C.)  Rather, Plaintiffs simply assert that they believe

26   the "new websites and storefronts are related to the current Defendants because in almost all

27   instances, the website's new domain address is nearly identical to the old one."  (Zhong Decl. ¶ 9.)

28   Plaintiffs provide no legal authority that this is sufficient.  In contrast, in *Chanel, Inc. v. US880*,

the district court considered whether there was a showing that the defendant owned the new websites at issue, including actual registration data, common e-mail addresses, website redirection, and self-identifications to establish the defendant's ownership of the website. *Chanel, Inc. v. US880*, No. C 10-02601 PJH (JSC), 2011 WL 13244270, at *4 (N.D. Cal. July 5, 2011), *report and recommendation adopted,* No. C 10-2601 PJH, 2011 WL 13243838 (N.D. Cal. July 28, 2011). No such information exists in this case.

Accordingly, on or before **July 5, 2024**, Plaintiffs are ordered to file a supplemental brief and/or declaration on these matters, which shall be no more than **15 pages**. Plaintiffs may include any exhibits as necessary but must provide specific pincites to the relevant exhibit pages in their brief and/or declaration. The Court will not review any exhibit pages that are not specifically cited, nor will the Court entertain lengthy exhibits.[1] Plaintiffs shall also provide chambers copies, which must comply with Judge Westmore's standing order.

IT IS SO ORDERED.

Dated: June 28, 2024

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Specifically, the Court will not review hundreds of pages of links.