UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation; and RH US, LLC, a Delaware limited liability company,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ALIMIA LIGHT, a Chinese business entity, et al.<br><br>　　　Defendants. | Case No. 4:23-cv-00948-HSG<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION RE DEFENDANT NIMO LLC AS THE OPERATOR OF THE WEBSITE <ZENDUCE.COM>**<br><br>Re: ECF No. 62 |

　　　Plaintiffs Restoration Hardware, Inc. and RH US LLC's ("RH") have brought this lawsuit against Nimo LLC as the operator of the website <zenduce.com> ("Zenduce") for violation of RH Copyrighted Works (as defined in ECF No. 1, ¶ 59) and RH Marks (as defined in ECF No. 1, ¶ 60) (collectively, "RH Intellectual Property").

　　　On September 19, 2024, the Court entered default judgment against Zenduce and other Defendants.

　　　RH and Zenduce have settled this action. As part of their settlement agreement, the Parties have agreed to the entry of a Consent Judgment and Permanent Injunction. RH now moves to amend the default judgment as to Zenduce and enter the Consent Judgment and Permanent Injunction.

　　　Accordingly, the Court GRANTS the motion to amend default judgment, ECF No. 62. It is further ORDERED, ADJUDICATED, and DECREED that Zenduce and each of their respective officers, agents, servants, employees, and owners, including Johanna Everdina Ambrosia Maria, the purported operator of the Zenduce website, and all persons acting in active concert and participation with them is HEREBY PERMANENTLY ENJOINED from:

　　　　　a. Copying, distributing, or publicly displaying any of the RH Copyrighted Works, or any photographs that are created from, derived from, or a modification of the RH Photographs (such as images created from cropping, flipping, or editing any RH Photographs); and

　　　　　b. Using any of the RH Marks, or any marks confusingly similar thereto, in

commerce in connection with the manufacturing for sale, or sale of any lighting products.

The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If any Party is alleged to have breached the terms of this Consent Judgment and Permanent Injunction, the non-breaching Party shall have the right to reopen this matter upon motion filed with this Court. If this matter is so reopened, the non-breaching Party may pursue any and all remedies it may have against the breaching Party.

Plaintiffs may serve any notices or motions to enforce the Permanent Injunction on the Zenduce via email in accordance with (ECF No. 23, TRO). Zenduce is thereby given notice it shall be deemed to have actual notice of the issuance and terms of this Permanent Injunction once served via email and any act by them or any one of them in violation of any of the terms thereof may be considered contempt, which the Court may enforce through orders including, but not limited to, that disable Zenduce's websites or e-commerce sites containing the breach.

This order amends and supersedes the Default Judgment (ECF No. 60) to the extent the Default Judgment was entered against Zenduce. Additionally, PayPal, Inc. is hereby ordered to release and un-freeze the PayPal account associated with the support@zenduce.com email account, which the Court previously froze.

DATED: 7/3/2025

IT IS SO ORDERED

_____
Haywood S. Gilliam, Jr.
United States District Court Judge